Angela Griffin ALLEN, Movant,

v.

**KENTUCKY BAR ASSOCIATION,
Respondent.**

**Kentucky Bar Association, Movant,**

v.

**Angela Griffin Allen, Respondent.**

**Nos. 98–SC–009–KB, 98–SC–880–KB.**

Supreme Court of Kentucky.

Feb. 18, 1999.

---

## OPINION AND ORDER

Angela Griffin Allen, of Lexington, Kentucky, was suspended from the practice of law for non-payment of dues by order of this Court on May 2, 1996. She filed an application for reinstatement on January 6, 1998, and tendered a check to cover her unpaid dues and application fee.

After due consideration, the Board of Governors unanimously recommended that the application for restoration be denied on March 27, 1998, and referred the matter to the Character and Fitness Committee. The Board denied the motion in part because Allen had three charges by the Inquiry Tribunal pending against her. Also, the Board noted that Allen had informed her employer that she had been "reinstated retroactively" to the date of her suspension and that this statement was false.

Subsequently, the Board of Governors considered the charges against Allen at its September 11, 1998 meeting. The Board also considered the charges brought against her by the Inquiry Tribunal. The Board again denied her motion for reinstatement, found her guilty of all three charges, and recommended a one-year suspension from the practice of law.

Allen has petitioned this Court for a Notice of Review. In essence, Allen argues that she did not receive adequate notice of the hearing against her and, therefore, she was denied the opportunity to present a defense. The KBA responds by arguing that Allen was given more than ample notice of both the charges and the hearing date. It has supplemented its response with documentation of numerous attempts that were made to notify Allen.

Allen offers the fact that she divorced and moved as the reason she did not receive notice. We note that notice was sent to Allen's last known address or bar address as required by SCR 3.200, and that Allen apparently did not notify the KBA of her change of address or name prior to the Inquiry Tribunal bringing charges against her and the Board's holding a hearing upon them. Given this fact and the numerous attempts made to notify Allen, we believe it would be improvident to grant her petition for a Notice of Review. Thus, we consider the Findings of Fact and Conclusions of Law as presented by the Board of Governors.

### I. Case No. 6516

A client paid Allen a $200 retainer to file a petition in a bankruptcy case on or about January 31, 1997. Allen never filed the petition. However, she did subsequently refund the retainer to the client plus a $150 bonus. Allen was charged with:

Count I: SCR 3.130–1.3 A lawyer shall act with reasonable diligence and promptness in representing a client.

In support of this charge, the Board found that Allen failed to file the petition or otherwise do any appropriate legal work.

Count II: SCR 3.130–1.4(a) A lawyer shall keep a client reasonably informed about the status of a matter and comply promptly with requests for information.

In support of this charge, the Board found that Allen did not return the client's calls or otherwise keep her informed as to the status of her case.

Count III: SCR 3.130–5.5(a) A lawyer shall not practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction.

In support of this charge, the Board found that Allen accepted a $200 retainer fee while

she was under suspension for non-payment of dues.

The Board of Governors unanimously found Allen guilty on all three counts under this charge.

## II. Case No. 6655

Allen was charged under SCR 3.130–5.5(a): A lawyer shall not practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction.

In support of this charge, the Board found that Allen, while suspended, prepared and filed a complaint for a plaintiff in the case of *Market Distributor Specialists v. Alliance Media,* Fayette Circuit Court, 97–CI–04210, filed December 5, 1998.

The Board of Governors found Allen guilty by a vote of 12 to 3 on this charge.

## III. Case No. 6719

Allen was charged with the following on this charge:

*Count I:* SCR 3.130–5.5(a) A lawyer shall not practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction.

In support of this charge, the Board found that Allen, while suspended, represented a client before the Kentucky Real Estate Commission by appearing at a deposition and by participating in a telephonic prehearing conference.

*Count II:* SCR 3.130–8.1(b) A lawyer shall not knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority.

In support of this charge, the Board found that Allen failed to respond to the Inquiry Tribunal complaint and charge and letter of reminder from the KBA.

The Board of Governors unanimously found Allen guilty on both counts under this charge. Additionally, a majority of the Board of Governors voted to impose a one-year suspension.

We adopt the recommendations of the Board of Governors. Accordingly, Allen's Application for Reinstatement and petition for a Notice of Review are hereby DENIED. Further, Allen is suspended from the practice of law for one (1) year from the date of this order.

It is further ordered that:

1. Allen shall not be permitted to engage in the practice of law in the Commonwealth of Kentucky as defined by SCR 3.020 until such time as the Supreme Court of Kentucky enters an order restoring her membership in the Kentucky Bar Association.

2. Upon Allen's motion for reinstatement, Allen shall be reevaluated by the Character and Fitness Committee of the Kentucky Bar Association.

3. Pursuant to SCR 3.390, Allen is hereby ordered to, within ten (10) working days of the date of entry of this Order, provide notice to any clients she is currently representing of her inability to provide further legal services, and to notify all courts of her inability to represent them, and of the necessity and urgency to promptly retain new counsel. Such notification shall be by letter duly and timely placed in the United States Mail, and Allen shall simultaneously and in the same manner provide a copy of all such letters to the Director of the Kentucky Bar Association.

4. In accordance with SCR 3.450 and SCR 3.480(3), Allen is directed to pay all costs associated with the disciplinary proceedings against her, said sum being in the amount of Twenty-one Dollars and Eighty Cents ($21.80), and for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: February 18, 1999

/s/ Joseph E. Lambert
CHIEF JUSTICE