**KENTUCKY BAR ASSOCIATION,**
**Complainant,**

v.

**Norman L. BELKER, Respondent.**

**No. 99–SC–0364–KB.**

Supreme Court of Kentucky.

Aug. 26, 1999.

## OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association (KBA) determined that the respondent violated disciplinary rules seventeen times through inappropriate sexual behavior toward nine clients and potential clients and recommended he be permanently disbarred. The respondent now petitions this Court for a Review of the KBA's recommendation and alleges he was denied due process when the Jefferson Circuit Court used its contempt power to "coerce" him into withdrawing his answers to the charges against him. The respondent asks this Court to remand the charges for an evidentiary hearing and allow him another opportunity to present a defense to the charges against him. A brief discussion of the course of these proceedings is necessary for a complete understanding of this matter.

In June of 1996, two former clients of the respondent filed complaints in KBA Disciplinary Cases No. 5654 and 5656 alleging improper sexual contact by the respondent in the course of his representation of them. Nine more complainants came forward in the next six months, and four former clients filed a civil suit in Jefferson Circuit Court against the respondent in August of 1996. The respondent denied the allegations in all of the complaints and defended against the civil action.

The civil case was set for trial in December of 1997, but was settled on the eve of trial. The settlement agreement, in part, required the respondent to withdraw his "Answer/Response/Reply to all pending Bar Complaints by January 22, 1998." On January 22, 1998, the respondent withdrew his answers to the eleven pending complaints filed with the KBA.

On March 17, 1998 the KBA Inquiry Tribunal issued eleven disciplinary charges against the respondent and he filed answers to the charges denying the allegations. The KBA moved this Court to allow it to "reveal to the parties [of the civil action] and their attorneys and/or the Jefferson Circuit Court" that the respondent had filed answers to the charges. This Court authorized the KBA to give this information to the parties to the civil suit.

The Jefferson Circuit Court entered an order on December 14, 1998 directing the respondent to withdraw his answers to the Inquiry Tribunal charges. That order was appealed on January 5, 1999. On January 26, 1999, the trial court overruled the respondent's motion to stay enforcement of the December 14, 1998 order pending final resolution of the appeal. On February 3, 1999, the respondent sought emergency and intermediate relief in the Court of Appeals. This relief was denied and on February 4, 1999, a proceeding was held before the Jefferson Circuit Court and the respondent was found in contempt for failing to comply with the settlement agreement. The trial judge gave him the opportunity to purge himself from contempt by withdrawing his answers to the charges.

On February 5, 1999, the respondent filed a pleading titled "Respondent's Notice Withdrawing Answers" with the KBA Disciplinary Clerk. The full text of this pleading read:

> Respondent, Norman L. Belker, Pro se, hereby gives notice he is withdrawing answers filed May 5, 1998 to the Charges identified as KBA FILES 5654, 5656, 5767, 5770, 5773, 5797, 5809, 589, 5936. These Charges may proceed as a default case in accordance with applicable Supreme Court Rules.
>
> /s/ Nick Belker

██ Two of the original eleven charges (No. 5751 and 5752) were dismissed by the KBA and the other nine proceeded as de-

fault cases. The Board of Governors reviewed all of the evidence in Bar Counsel's investigative file as well as depositions and other discovery material from the related civil case to determine if the charges had sufficient evidentiary basis. The Board issued a Report and Recommendation in which they unanimously found the respondent had committed seventeen violations of disciplinary rules dating back to the 1970s by advising the complainants that physical examinations were a necessary part of his representation and repeatedly fondling and touching the complainants under circumstances where the contact served only to gratify his own interests to the detriment of the psychological well being of his clients. On the basis of the long-standing time period of the misconduct, the number of charges, the harm done to the clients, the damage to the legal profession, and respondent's refusal to accept responsibility for his own conduct, the Board recommended permanent disbarment.

The respondent claims in his Notice of Review that the contempt order of the Jefferson Circuit Court left him no alternative but to withdraw his answers to the charges against him, and he would like this Court to give him a second chance to decide to respond to these charges. The respondent also repeats the argument he made to the Court of Appeals on direct appeal from the contempt order, i.e., the trial court erred in its construction of the terms of the settlement agreement because it failed to take into account what the respondent identifies as a distinction between "complaints" and "charges" under the KBA disciplinary provisions. The respondent's view of the language of that agreement is that it required him to withdraw his responses to the original complaints but allowed him to resubmit defenses when and if those allegations became formal "charges" before the Inquiry Tribunal. Despite the fact that most of the respondent's argument in his Notice of Review is dedicated to the question of whether the trial court erred in its contempt order, the correctness of

the trial court's order is neither a matter before this Court, nor is it in any way relevant to the issue in this disciplinary case. The respondent appealed the contempt order to the Court of Appeals, and the matter is pending before a panel of that court. Regardless of the disposition in the Court of Appeals, the respondent's actions in this matter speak for themselves, and we do not feel the trial court's actions have any bearing on whether and how the respondent should be disciplined.

The respondent withdrew his answers to the charges and allowed the matters to proceed as default cases. The cries of "coercion" he makes today were nowhere to be found in the notice he sent to the KBA Disciplinary Clerk asking that his answers be withdrawn. While he did seek emergency relief in the Court of Appeals, he did not pursue the case further and seek relief from this Court. Accordingly, the trial court's contempt order is not a matter for us to consider in reviewing the recommendations of the Board of Governors. We note the respondent informed the KBA Disciplinary Clerk that the "charges may proceed as a default case in accordance with applicable Supreme Court Rules." And, we observe, as a final comment on the non-issue of "coercion" that there was no indication at the time the respondent withdrew his answers he was doing so under any form of duress. We are not prepared to view as credible the respondent's revisionist claims of coercion which have arisen months after the alleged actions.

The record establishes the respondent has been afforded the full measure of due process, and he has chosen to have those cases proceed as defaults pursuant to SCR 3.210. We recently held in *Allen v. Kentucky Bar Association*, Ky., 985 S.W.2d 347 (1999), an attorney was not entitled to Notice of Review from a default disciplinary matter when the excuse alleged for the default was lack of notice

because of a change of address. The argument is even stronger here given the respondent's choice to withdraw his answers. The Respondent has failed to present anything resembling sufficient grounds to justify his request for a "do over"—a remand for an evidentiary hearing.

We have no sanction more extreme than permanent disbarment, and the respondent correctly characterizes it as "the ultimate disciplinary sanction." However, the respondent has failed to demonstrate good cause why the Board of Governors' report recommending permanent disbarment should not be adopted. The respondent's attempt to downplay his charges in comparison to reported suspension and disbarment cases from this jurisdiction and others not only fails to take into account the many reasons the Board felt this sanction was proper, but it also demonstrates the respondent still has no concept of the seriousness of his actions.

WHEREFORE, IT IS ORDERED that the respondent be, and he is, hereby permanently disbarred from the practice of law in the Commonwealth of Kentucky.

The respondent is ordered to notify any and all courts in which he has matters pending, any and all clients for whom he is actively involved in litigation, and similar legal matters, of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States mail within ten (10) days of the date of this order, and respondent shall simultaneously provide a copy of all such letters to the Director of the Kentucky Bar Association.

The respondent is further ordered to pay the costs of this action in the amount of $3,733.83 for which execution may issue.

This order shall constitute a public record.

All concur.

ENTERED: August 26, 1999

/s/ Joseph E. Lambert

Chief Justice