**In re: Richard L. GOODMAN**

**No. 2000–SC–0372–KB.**

Supreme Court of Kentucky.

June 15, 2000.

Richard L. Goodman, The Lawrence Firm, Cincinnati, OH, for Goodman.

Bruce K. Davis, Executive Director, Kentucky Bar Association, Frankfort, for Kentucky Bar Association.

## OPINION AND ORDER

By order of this Court dated April 21, 2000, Richard L. Goodman was suspended from the practice of law in Kentucky for the non-payment of dues to the Kentucky Bar Association for the fiscal year which began on July 1, 1999. *See* SCR 3.040. He has now moved to set aside said order, alleging that his non-payment was inadvertent and caused by 1) the failure of the United States Postal Service to forward his mail as requested, and; 2) the failure of his former partners to deliver to him

any mail delivered to his prior address as promised. He does not, however, allege that he complied with SCR 3.175, which requires that "each attorney shall maintain with the director of the Association a current address which he or she may be communicated with by mail and shall upon a change of that address notify the Director within thirty (30) days of the new address."

We note that Goodman's dues notices, sent to his record address, were returned to the KBA, as was an order directing him to show cause why he should not be suspended for nonpayment of dues. The only letter not returned to the KBA with a return to sender label was the order of suspension. The KBA responds to Goodman's motion by noting that it appears Goodman did not act intentionally in failing to pay his dues, that said dues have now been paid, and that he has acted promptly in attempting to rectify the actions that led to his suspension. As noted by the KBA, we can consider mitigation when disciplining Goodman's earlier failure to comply with SCR 3.175.

On other occasions, this Court has looked less kindly upon the failure to notify the KBA of a change of address or name as required by SCR 3.200, see *Allen v. KBA*, Ky., 985 S.W.2d 347 (1999), but such cases generally involve misconduct that results in injury to a client or a misrepresentation to the court of justice. Here, the person most injured is Goodman, who has no prior disciplinary history whatsoever and who has been deeply distressed by this proceeding. We, therefore, GRANT Goodman's Motion to Set Aside Suspension, and assess a fine of $500.00 for failure to pay his dues for the fiscal year of 1999–2000 in a timely fashion, upon payment of which he shall be reinstated to good standing with the Kentucky Bar Association.

All concur.

ENTERED: June 15, 2000.

Joseph E. Lambert

CHIEF JUSTICE