TO BE PUBLISHED

# Supreme Court of Kentucky

## 2007-SC-000149-KB

DATE 5-5-07 Ella Grav... D.C.

GENON G. HENSLEY        MOVANT

V.        IN SUPREME COURT

KENTUCKY BAR ASSOCIATION        RESPONDENT

## OPINION AND ORDER

Genon G. Hensley, whose Bar Roster Address is 11921 Berry Hill Road; Louisville, Kentucky 40243, and whose Kentucky Bar Association (KBA) Member Number is 31273, filed a motion for consensual discipline in this Court, under SCR 3.480 (2), asking that the Court suspend her from the practice of law for sixty-one days, probated for two years, conditioned on no additional disciplinary charges arising against her and her completion of ten hours of remedial ethics education. The KBA filed its response to the motion, stating that it had no objection to the motion and agreeing with the proposed discipline.

Hensley admits that she is guilty of violating the Rules of Professional Conduct as set out in all three counts of the Charge in KBA File No. 5938 and in the complaint in KBA File No. 12623. She acknowledges she has agreed to the imposition of discipline and requests the Court to impose the

discipline as set forth in the preceding paragraph. In light of the serious nature of the admitted misconduct, this Court rejected the parties' negotiated sanction and remanded for further disciplinary proceedings by order, dated March 22, 2007. Hensley has moved for reconsideration of our order.

We GRANT Hensley's motion to reconsider due to the unlikelihood of a full and fair evidentiary hearing for Hensley as a result of the KBA's admitted prolonged delay in prosecution, which has only now come to our attention by way of the KBA's response to the motion for reconsideration. We also take note of mitigating factors highlighted by the KBA: lack of other disciplinary history, restoration of funds at issue to clients, full cooperation with the disciplinary process, and understanding of the seriousness of the admitted misconduct.

We glean the underlying facts from the Motion for Suspension with Conditions:

## I. KBA FILE NO. 5938.

### A. Background.

On November 13, 1995, Oranell Seward filed a complaint with the KBA to which Hensley timely responded. On November 14, 1997, January 22, 1998, and May 6, 1998, counsel for the KBA requested that Hensley supply the KBA with additional information bearing on the complaint. Hensley timely responded to each of these requests and supplied all information sought by the KBA. Hensley has fully cooperated with the KBA in this investigation.

On October 3, 1993, Seward's husband died. Hensley had been a friend and colleague of Seward's husband, and Seward requested Hensley's

assistance in settling the estate. Later, Seward asked Hensley to draft a will, a living will, a power of attorney, and to prepare her 1995 income tax returns. These specific services are not the subject of any complaint. An attorney-client relationship thus existed between Hensley and Seward from approximately 1993 through early 1995.

## B. The TMG Investment Partnership.

During the time that an attorney-client relationship existed, Seward sought Hensley's advice concerning investing a portion of the proceeds left to her by her late husband. Hensley referred Seward to Susie Schaff of Cotton & Allen, CPA, concerning mutual funds that would be appropriate for Seward, and attended a meeting at Seward's request with Duane Regan, a financial advisor, to review Seward's overall financial plan.

In December 1993, Hensley advised Seward of the potential for investing in a real estate development known as "Pleasant Hill Properties, L.P.," in San Francisco, California. Hensley and Seward later formed an investment partnership called TMG Investments. Relying on Hensley's assurance that the real estate investment was appropriate for investing some of the monies Seward had received from her late husband, Seward contributed $7,000.00 to the partnership, which was paid by personal check to Hensley. Hensley did not invest the entire $7,000.00 in the California venture. Instead, she invested $5,000.00 and placed the investment in her own name. The remaining $2,000.00 was not invested in the California real estate development project but was invested in another stock portfolio. Hensley has supplied the KBA with

documentation concerning the existence and validity of the Pleasant Hill Properties, L.P., real estate development project.

### C. Ms. Seward's Purchase of a Residence in Trimble County.

In 1993, Irene Long, an attorney and personal friend of Hensley, died. Hensley was requested to handle the probate of Ms. Long's will, and, while attorney of record for the Long estate, purchased, with the heir's approval, a small office in Trimble County. Next door to the office was a residence also owned by the Irene Long estate, which had been rented for $200.00 per month.

In December 1994, while Hensley was still counsel of record for Long's estate, Hensley asked Seward if she would be interested in buying the residence as investment property. Hensley failed to tell Seward that she was representing the Long estate. Hensley stated that if Seward purchased the property, that Hensley would lease the residence from Seward for $400.00 per month. Hensley further advised Seward that the residence could be purchased for $50,000.00.

Hensley failed to tell Seward that James F. Long, administrator of the Long Estate, had estimated the property's value at $45,300.00 four months earlier. And Seward authorized Hensley to offer the Irene Long estate $50,000.00 for the residence, and that offer was accepted. The property was appraised eleven months later at $54,000.00.

Seward directed Hensley to obtain financing for the purchase of the property. Instead, Hensley contacted Fidelity Investments, and without disclosing that Hensley held a power of attorney for Seward, directed Fidelity to

liquidate $50,000.00 in mutual funds owned by Seward to raise funds for purchasing the house. Hensley directed the Fidelity representative with whom she spoke to send the proceeds directly to Seward at Seward's home address. Instead of using the power of attorney that Hensley held for Steward, Hensley represented herself to the Fidelity representative with whom she spoke as Oranell Steward. Fidelity mailed the proceeds of the sale to Seward and they were received by Seward.

Hensley handled all aspects of the real estate closing, including preparation of the deed, which was dated December 30, 2004, even though funds were not exchanged until after that date. Hensley was not paid by either Seward or the Irene Long Estate for preparing the closing documents. Seward had not seen the inside of the property at the time of the closing but visited several weeks later with her new husband. Seward was shocked by its condition. Seward later had the lot surveyed and found that Hensley's law office encroached approximately two feet over the property line between the parcels.

This caused great concern for Seward, who later retained counsel to pursue her concerns. Ultimately, Hensley settled with Seward for a total of $86,000.00. Under the settlement agreement, Seward was reimbursed all money she invested in the investment partnership; all money she invested in the house in Trimble County; interest on these investments; her attorney's fees; and an additional $5,000.00. The settlement was funded primarily by Hensley and not her liability carrier.

Hensley admits she violated SCR 3.130-1.8(a) in that she suggested Seward purchase the real property in Trimble County, Kentucky, on terms which appeared to benefit Hensley, while she was representing the Irene Long Estate in the sale; and by entering into the "investment partnership" with Seward, and failing to invest a portion of her client's money as directed by the client.

Hensley acknowledges that she violated SCR 3.130-1.7(a) and (b), by representing both Seward and the Irene Long Estate in the sale and purchase of the Trimble County real estate. The representation of both clients was directly adverse, and Hensley did not inform Seward that she represented the Irene Long Estate, nor did she obtain Seward's consent to represent the Irene Long Estate. Furthermore, Hensley's representation of Seward in purchasing the real estate was adverse to Hensley's interest in renting the property.

Hensley admits that she violated SCR 3.130-8.3(c) by misrepresenting and/or omitting relevant information to Seward in connection with both transactions. She also admits violating this rule by failing to disclose that her small office building extended onto the property that she suggested Seward purchase, even though Hensley had not previously had a survey made and was unaware that her office encroached on Seward's property; securing funds from Seward for an investment partnership to purchase stock in a real estate development but only investing a portion of the funds thereof and in her own name; and representing herself as Seward in the sale of stock held by Seward.

## II. KBA FILE NO. 12623.

In KBA file 12623, the complainant hired Hensley to represent him in a civil matter before the Henry Circuit Court. The complainant was a defendant in the case. Essentially, the case was a property dispute between two adjoining landowners brought to enforce deed restrictions that would not allow the complainant to continue his cattle business on his property or use a waterline easement that crossed the adjoining property. Hensley began representing the complainant in 1999 and continued representing him until March of 2004.

Hensley sold the building in which her practice was located and moved from Bedford to LaGrange in April 2003. Hensley failed to take adequate steps to notify complainant of her address change. She also failed to notify him adequately of hearing dates, and she did not notify him of the entry of a summary judgment until twenty days after entry. A charge has been authorized in this matter.

Hensley admits violating SCR 3.130-1.3, inasmuch as she did not act with reasonable diligence and promptness in representing the client. She also acknowledges a violation of SCR 3.130-1.4(a) and (b) because she failed to advise her client directly of the office location change, which severely reduced communication with him.

Since we now accept the sanctions negotiated by the parties due to the evidentiary problems posed by the KBA's delay in prosecution, Hensley's motion for consensual discipline is GRANTED.

ACCORDINGLY, IT IS HEREBY ORDERED:

1) Genon G. Hensley, KBA Member No. 31273, is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of sixty-one (61) days, with such suspension to be probated for a period of two (2) years, conditioned on her not receiving any more disciplinary charges and on her completion of ten (10) hours of remedial ethics education at her own expense during the two year period following the date of this order;

2) Hensley's completion of ten (10) hours of remedial ethics education shall be separate and apart from her fulfillment of any other continuing education requirement during the two (2) year period after the entry of the Court order approving this consensual discipline. She will not apply for Continuing Legal Education (CLE) credit for any of these remedial hours, even if the course attended is approved for CLE in Kentucky. She must furnish a release and waiver to the Office of Bar Counsel (OBC) to review her records in the CLE Department that might otherwise be confidential, with such release to continue in effect until one year after she completes her remedial education, in order to allow the OBC to verify she has not reported any hours to the CLE Commission that are being taken as remedial education;

3) The remedial ethics education must be satisfied by Hensley's personal attendance at live continuing education or other education programs approved or required by the OBC in advance and must be appropriate for her remedial education regarding her ethical obligations to clients, third parties, and the public;

4)    Hensley is not required to report this probated suspension to her clients unless and until the Court imposes suspension for the period of sixty-one (61) days following her failure to comply with the above conditions;

5)    If Hensley fails to comply with any of these conditions, the KBA may move the Court to impose sanctions for the period of sixty-one (61) days. Should the Court impose the sixty-one (61) day suspension, Hensley would then be required to report her suspension to her clients; and

6)    In accordance with SCR 3.450, Hensley is directed to pay all costs associated with these disciplinary proceedings in the amount of $48.01 for which execution may issue from this Court upon finality of this order.

All sitting. All concur.

ENTERED: May 24, 2007.

_____
Chief Justice