TO BE PUBLISHED

𝕾𝖚𝖕𝖗𝖊𝖒𝖊 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕶𝖊𝖓𝖙𝖚𝖈𝖐𝖞 **FINAL**

2016-SC-000491-KB

DATE 12/28/16 Kim Redman, DC

KENTUCKY BAR ASSOCIATION                                                    MOVANT

V.                          IN SUPREME COURT

GENON GINN HENSLEY                                        RESPONDENT

## OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association (KBA) has recommended that Genon Ginn Hensley be found guilty of 12 counts of misconduct and be suspended from the practice of law for 181 days. This Court agrees and adopts the recommendation.

Hensley was admitted to the practice of law in the Commonwealth of Kentucky on November 7, 1984, and her KBA member number is 31273. Her bar roster address is 3003 Bushmill Park Road, Louisville, Kentucky 40241.

This disciplinary matter arises from four separate KBA Files, Nos. 23362, 23465, 24192, and 16-DIS-24310. Hensley's conduct in those cases has not been disputed, this case having proceeded as a default matter before the KBA's Board of Governors.

KBA File No. 23362 relates to a criminal charge filed in November 2014 against Hensley for having failed to maintain automobile liability insurance, which is a misdemeanor. (She had also been charged with several violations:

operating on a suspended license, speeding, and reckless driving, although these do not appear to have been the source of the misconduct charge.) In January 2015, the Office of Bar Counsel sent a letter inquiring about the misdemeanor, but Hensley did not respond.

In May 2015, the Office of Bar Counsel sent another letter inquiring about the misdemeanor charge. On May 26, Hensley responded that she had mistakenly failed to maintain her insurance, and that two separate charges for the same offense—the November 2014 one that led to the disciplinary inquiry, and an earlier one in September 2014—had been combined into one, to which she pleaded guilty in April 2015. She had been sentenced to 120 days in jail, conditionally discharged for two years on the condition that she maintain automobile insurance during the discharge period.

The Office of Bar Counsel wrote to Hensley requesting clarification about the other charge from September 2015, about which it had been previously unaware. She did not respond. The Office of Bar Counsel sent a follow-up letter, but again received no response.

The Inquiry Commission filed a bar complaint alleging a violation of SCR 3.130-8.4(b), which makes it misconduct for a lawyer to commit a criminal act reflecting on the lawyer's honesty and trustworthiness or fitness as an attorney. The complaint also advised Hensley that her failure to respond could result in an additional charge under SCR 3.130-8.1(b), which prohibits a lawyer from knowingly failing to respond to a lawful demand for information

from a disciplinary authority in connection with a disciplinary action. The complaint was served on Hensley by certified mail, but she did not respond.

The Inquiry Commission then issued a two-count charge alleging that Hensley violated SCR 3.130-8.4(b) and -8.1(b). She was served with the charge but filed no answer.

KBA File No. 23465 grew from Hensley's representation of Kathryn Pendleton in a bankruptcy proceeding. No written fee agreement was signed, and no bankruptcy petition was filed. Pendleton inquired about the status of her case in July 2014, but her call was not returned. In December 2014, Pendleton met with Hensley to review the draft bankruptcy petition. She claimed there were numerous errors in the draft, and in January 2015 she requested a return of the retainer she had paid. Hensley did not respond.

In February 2015, Pendleton filed a bar complaint. In March 2015, Pendleton's new counsel contacted the Office of Bar Counsel to confirm that she paid a retainer to Hensley. Hensley was served with the complaint but did not respond to it.

In July 2015, the Inquiry Commission issued a four-count charge alleging the following violations:

(1) SCR 3.130-1.3, which requires a lawyer to act with reasonable diligence and promptness in representing a client;

(2) SCR 3.130-1.4(a)(4), which requires a lawyer to promptly comply with reasonable requests for information;

3

(3) SCR 3.130-1.16(d), which requires a lawyer to take reasonable steps to protect a client's interests, including refunding any advance payment of a fee that has not been earned, upon termination of the representation; and

(4) SCR 3.130-8.1(b), which prohibits a lawyer from knowingly failing to respond to a lawful demand for information from a disciplinary authority connected to a disciplinary action.

Hensley was served with the charge by the Jefferson County Sheriff's Office, and by service via the KBA's executive director under SCR 3.175(2). Hensley did not answer the charge.

KBA File No. 24192 arose from Hensley's representation of Bryan Gitlewski in a bankruptcy proceeding. Gitlewski claimed that he hired Hensley in March 2015, paying her a total fee of $1,300. From then until November 2015, Gitlewski made numerous phone calls to Hensley's office and left multiple messages, but she never replied. In August 2015, his wife went to Hensley's office, where she was told that the bankruptcy petition was filed and that they would be receiving information from the bankruptcy court within 30 days. Gitlewski contacted the bankruptcy court, which advised him that no petition had been filed.

In November 2015, Gitlewski filed a bar complaint, which was served on Hensley by certified mail and by service through the executive director under SCR 3.175(2). She filed no response.

4

In March 2016, the Inquiry Commission issued a five-count charge alleging the following violations:

(1) SCR 3.130-1.3, which requires a lawyer to act with reasonable diligence and promptness in representing a client;

(2) SCR 3.130-1.4(a)(4), which requires a lawyer to promptly comply with reasonable requests for information;

(3) SCR 3.130-1.16(d), which requires a lawyer to take reasonable steps to protect a client's interests, including refunding any advance payment of a fee that has not been earned, upon termination of the representation;

(4) SCR 3.130-8.4(c), which makes it misconduct for a lawyer to engage in any dishonesty, fraud, deceit, or misrepresentation; and

(5) SCR 3.130-8.1(b), which prohibits a lawyer from knowingly failing to respond to a lawful demand for information from a disciplinary authority connected to a disciplinary action.

Hensley was served via the KBA's executive director under SCR 3.175(2). She did not answer the charge.

KBA File No. 16-DIS-24310 arose from Hensley's representation of Lori Williams. Hensley was hired to file a Chapter 7 bankruptcy petition in December 2014. After three months, the petition was filed and the filing fee was paid. Hensley mailed Williams a letter informing of the meeting of creditors, but she did not tell Williams that she would need a certificate for completing a credit-counseling course. On March 17, 2015, the bankruptcy

5

court dismissed the petition because the necessary documents had not been filed. In June 2015, Williams sought pro se to have her petition reinstated, but her motion was denied.

On November 2015, Hensley filed a second bankruptcy petition. This petition also was missing the credit-counseling certificate. The bankruptcy court dismissed this petition for the same reason.

Williams requested a refund of her fee, which did not occur until after she filed her bar complaint in January 2016. That complaint was served on Hensley in March 2016, but she did not file a response.

In May 2016, the Inquiry Commission issued a three-count charge alleging the following violations:

(1) SCR 3.130-1.3, which requires a lawyer to act with reasonable diligence and promptness in representing a client;

(2) SCR 3.130-1.4(a)(3), which requires a lawyer keep a client reasonably informed about a matter; and

(3) SCR 3.130-8.1(b), which prohibits a lawyer from knowingly failing to respond to a lawful demand for information from a disciplinary authority connected to a disciplinary action.

Hensley was served with the charge by certified mail on May 25, 2016. She did not answer the charge.

Because Hensley never filed answers to the charges in these four cases, this matter was submitted to the Board of Governors as a default case under SCR 3.210.

6

The Board voted to find Hensley guilty of all but one count. The Board voted not guilty as to the violation of SCR 3.130-1.16(d) in KBA File No. 23465. After this vote, the Board considered Hensley's history of discipline, which consists of two cases. The first resulted in the 61-day suspension, which was probated for two years with conditions in 2007. *See Hensley v. Kentucky Bar Ass'n*, 222 S.W.3d 232, 235 (Ky. 2007). The second was a private admonition in 2010.

The Board then considered the appropriate sanction. An 11-member majority of the Board voted to recommend that Hensley be suspended from the practice of law for 181 days, that she be required to refund $1,300 to Bryan Gitlewski, and that she be required to pay the costs of these proceedings. Five members of the Board would have recommended a one-year suspension

At this point neither the KBA's Office of Bar Counsel nor Hensley has sought review by the Court under SCR 3.370(7). Furthermore, this Court declines to undertake review pursuant to SCR 3.370(8), meaning that the Board's recommendation is adopted pursuant to SCR 3.370(9).

**Order**

ACCORDINGLY, IT IS ORDERED THAT:

1. The Respondent, Genon Ginn Hensley, is found guilty of the counts described above as recommended by the Board of Governors, and she is suspended from the practice of law in the Commonwealth of Kentucky for 181 days.

2. As stated in SCR 3.390(a), this order shall take effect on the tenth day following its entry. Hensley is instructed to promptly take all reasonable steps to protect the interests of her clients. She shall not accept new clients or collect unearned fees and shall comply with the provisions of SCR 3.130-7.50(5).

3. As required by SCR 3.390, Hensley must, within 10 days after the issuance of this order, notify by letter, duly placed with the United States Postal Service, all courts or other tribunals in which she has matters pending and all of her clients, of her inability to represent them and of the necessity and urgency of promptly retaining new counsel. Hensley shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel. She shall immediately cancel any pending advertisements, to the extent possible, and shall terminate any advertising activity for the duration of the term of suspension.

4. In accordance with SCR 3.450, Hensley is directed to pay the costs associated with these disciplinary proceedings against her, which total $1,022.61, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur

ENTERED: December 15, 2016.

_____

CHIEF JUSTICE

8