**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Harry W. BERRY, Respondent.**

Supreme Court of Kentucky.

Dec. 15, 1981.

Rehearing Denied Feb. 16, 1982.

Leslie G. Whitmer, Director, Michael M. Hooper, Asst. Director, Kentucky Bar Ass'n, Frankfort, for complainant.

William T. Klapheke, II, Glasgow, for respondent.

## OPINION OF THE COURT

This is a disciplinary proceeding. The Board of Governors of the Kentucky Bar Association found respondent guilty of unprofessional conduct and recommended that respondent be suspended from the practice of law for a period of three years.

Respondent was by will appointed executor of a large estate with the duty of administering the estate for the benefit of the widow for her lifetime. During his tenure as executor, respondent made fifteen separate loans to himself from the estate. These loans amounted to a total of $96,950. None of the loans was secured by collateral. Another unsecured loan of $1,500 was made to a Wallace Nuckols from the estate. Six separate loans were made by respondent from the assets of the estate to his brother in the total sum of $27,000. Respondent's brother testified that he was unable to obtain loans from a bank, so he borrowed from the estate through respondent. Respondent, knowing of his brother's financial problems, continued to lend him money from the estate. Finally the brother defaulted on the loans. The loans were later repaid by the brother with money he borrowed from respondent personally. Respondent in his capacity as trustee agreed to forego the payment of interest on the loans. In addition, other loans were made to his daughter, law partner, and his legal secretary from the assets of the estate.

All the loans made by respondent to himself from the estate were made at interest rates lower than respondent would have been required to pay at a bank.

The findings of fact by the trial commissioners and the Board of Governors are advisory only, SCR 3.360; SCR 3.370(7). We make an independent review of the record and findings of fact. Here respondent admits the facts and our review of the record and our findings are in accord with those made by the Board of Bar Governors.

Respondent introduced evidence that the estate had increased in value from his management and other evidence of mitigation. We have taken this into account in reaching the conclusion that a three-year suspension is an appropriate penalty.

The respondent occupied a fiduciary capacity with the estate. He was a trustee, and as such owed the *cestui que* trust the highest fidelity and honesty in managing the assets of the estate. Respondent admits he breached that trust and this breach of trust is clearly reflected in the record.

An attorney in administering a trust estate must display complete loyalty to the interests of the *cestui que* trust, and this necessarily forbids any use of the trust for personal ends which conflict with the trustee's fundamental duty. See *Louisville Bar Association v. Hubbard*, 282 Ky. 734, 139 S.W.2d 773 (1940), which in addition to other offenses involved the lawyer's lending estate funds to himself.

We are of the opinion the respondent by his actions is guilty of unethical and unprofessional conduct tending to bring the bench and bar of Kentucky into disrepute and accordingly the respondent is suspended from the practice of law for three years and shall pay the cost of this action.

PALMORE, C. J., and AKER, CLAYTON, STEPHENS, STEPHENSON and STERNBERG, JJ., sitting.

All concur.