**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**George K. HARRIS, Respondent.**

Supreme Court of Kentucky.

June 15, 1982.

Rehearing Denied Aug. 31, 1982.

Leslie G. Whitmer, Director, Michael M. Hooper, Asst. Director, Kentucky Bar Ass'n, Frankfort, for complainant.

George K. Harris, pro se.

## OPINION OF THE COURT

The board of governors of the Kentucky Bar Association found the respondent, George K. Harris, guilty of unethical and unprofessional conduct calculated to bring the bench and bar into disrepute and recommended that he be suspended from the practice of law for one year.

The board of governors found that over an extended period of time respondent after being appointed executor of an estate failed to take prompt and adequate legal action to achieve a final settlement of the estate. The particulars of this neglect include futile attempts of the beneficiaries to gain advice from respondent, failure to attend various hearings in district court, failure and neglect to file with the district court a complete and acceptable accounting of the estate, accounting errors, leaving assets unaccounted for and various other derelictions of duties owed the estate.

The respondent did not file answer to the charges or respond in any fashion. We have examined the record and conclude that the findings of the board of governors are thoroughly substantiated by the record. We, therefore, adopt the findings of the board of governors.

In *Kentucky Bar Ass'n v. Berry*, Ky., 626 S.W.2d 632 (1981), we held that an attorney in administering a trust estate must display a complete loyalty to the interests of the trust. This includes a duty to use all reasonable dispatch in attending to the affairs of an estate and, where the attorney is executor as here, the duty to effect a settlement of the estate without undue delay. We do not exact as severe a penalty here as imposed in *Berry* for the reason that here we have aggravated neglect in settling the estate, where in *Berry* the financial affairs of the estate were mismanaged. In imposing the penalty, we have considered *Kentucky Bar Ass'n v. McMahon*, Ky., 575 S.W.2d 453 (1978), and *Kentucky Bar Ass'n v. Murphy*, Ky., 549 S.W.2d 295 (1977), and conclude the one-year suspensions imposed there are compatible with the one-year suspension recommended by the board of governors.

We are of the opinion that the respondent is guilty of unethical and unprofessional conduct tending to bring the bench and bar into disrepute and accordingly the respondent is suspended from the practice of law for one year and shall pay the costs of this action.

In addition it is directed that respondent notify all clients of his inability to continue to represent them in accordance with SCR 3.390.

All concur except STERNBERG, J., who did not sit.