KENTUCKY BAR ASSOCIATION,
Complainant,

v.

Angela Griffin ALLEN, Respondent.

No. 2000–SC–0941–KB.

Supreme Court of Kentucky.

Dec. 21, 2000.

## OPINION AND ORDER

Respondent, Angela Griffin Allen, whose last known address was 4621 Thornwood Circle, Lexington, Kentucky, 40515, was admitted to the practice of law in the Commonwealth of Kentucky on October 16, 1992. The instant action consolidates for consideration two separate complaints against Allen—KBA Files 7881 and 7934. Based on these complaints, the Inquiry Commission charged Allen with violations of SCR 3.130–8.3(b) & (c), which prohibit attorneys from "commit[ting] a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects," [1] and from "engag[ing] in conduct involving dishonesty, fraud, deceit or misrepresentation;" [2] and SCR 3.130(8.1)(b), which prohibits attorneys from "knowingly fail[ing] to respond to a lawful demand for information from an admissions or disciplinary authority." [3]

Allen filed no response to any of the charges, and the Inquiry Commission submitted the matter to the Board of Governors as a default case pursuant to SCR 3.210(1). After a *de novo* review of the charges, the Board of Governors found Allen guilty of each violation alleged by the Inquiry Commission.

According to the findings of fact of the Board of Governors in KBA File 7881, Allen, while employed by American Title Group, Inc., engaged in a pattern of dishonest conduct characterized by her forging an attorney's signature on legal documents and misappropriations of company funds:

1. Melvin K. Drury is President of American Title Group, Inc., a company organized to facilitate the title and closing needs of American Lending Group and other lenders. According to Mr. Drury's Affidavit, American Title Group, Inc., employed Angela G. Allen, the Respondent, to handle the operations of the company.

2. On or about the first week of October of 1999, after attempting to reconcile the escrow account of American Title Group, Inc., Mr. Drury inquired of Ms. Allen about the outstanding deposit of $39,900.00. Ms. Allen represented to Mr. Drury that it was from a cash closing she had performed in her home town of Maysville, and that the buyer was an old family friend and good for the money. As proof, the Respondent presented to Mr. Drury a check from Grace M. Park for $39,900.00, and said the lady was going to wire the money instead of depositing the check.

3. In December of 1999, Melvin Drury noticed that the funds were still outstanding. He inquired with Ms. Allen, and Ms. Allen indicated that she would take care of it. On further inquiry, Ms. Allen assured Mr. Drury that it had been taken care of, and the funds were in the account.

4. When Mr. Drury called the Bank, no funds had been received, and he demanded the file from Ms. Allen.

5. Mr. Drury attempted to call Grace M. Park, but the number in the file did not belong to Ms. Park.

6. He called the Bank upon which the check had been drawn on Ms. Park's account, and no account existed.

7. Mr. Drury further investigated and finally contacted Grace Park's daughter-in-law, and discovered that Grace Park had died three years earlier, and that

---

1. SCR 3.130–8.3(b).

2. SCR 3.130–8.3(c).

3. SCR 3.130–8.1(b).

Attorney Allen was the attorney who handled the estate.

8. Mr. Drury confronted Attorney Allen on February 3, 2000 with this information, and Respondent Allen confessed to him the following:

[A.] She had distributed $39,914.00 out of American Title Group, Inc.'s escrow account to pay off a personal law suit to Marcus Hargis.

[B.] She admitted that she had lied, and there had been no cash closing.

[C]. She admitted writing the check on Ms. Park's account, which she then presented to Mr. Drury to show good faith funds.

Mr. Drury terminated Ms. Allen immediately.

9. The file also reflects that on March 9, 2000, Mr. Drury faxed to J. Garrett at the Kentucky Bar Association Check No. 413 dated December 8, 1999, drawn on American Title Group, Inc., which was made payable to "PAA." The back of the check reflects that it was deposited into the account of "Pediatric & Adolescent Associates, P.S.C." Mr. Drury asserted, in his fax, that Attorney Allen paid these funds out of American Title Group, Inc.'s escrow account for her own benefit.

10. After Ms. Allen's termination, Mr. Drury reviewed the files, current and old, and apparently noticed something wrong with Attorney Leslie Dean's signature. Ms. Dean works as an attorney for the firm of Dean, Dean, & Dean. She was contacted by American Title Group, Inc., to review files, prepare and sign Deeds, etc. On further review, Mr. Drury opines in his affidavit that approximately 41 purchases and 21 refinances (that's 62 files) contained a forged signature for Leslie Dean, apparently executed by Ms. Allen.

11. These forgeries are confirmed by a sworn statement from Leslie Dean addressed to J. Garrett at the Kentucky Bar Association.

As a result of Allen's conduct while employed by American Title Group, Inc., the Board of Governors found her guilty of violating SCR 3.130–8.3(b) & (c). The Board of Governors further found Allen guilty of violating SCR 3.130–8.1(b) because of her failure to respond to the disciplinary proceedings against her.

The Board of Governors also found violations of the Kentucky Rules of Professional Conduct by Allen in KBA File 7934 when Allen compounded potentially criminal misappropriations of funds when she converted funds from her employer to repay a client whose power of attorney she had abused to convert property for her own purposes:

1. On February 14, 1997, the Respondent, Angela Allen, obtained a Limited Power of Attorney from Marcus P. Hargis, the Guardian for Margaret Louise Block, his grandmother.

2. On or about August 14, 1997, without notice to either Margaret Block or Marcus P. Hargis, the Respondent, Angela Griffin Allen, utilized the Power of Attorney to convey real property owned by Margaret Block to Steve Stone and Ann Stone for the sum of $40,000.00 (Deed Book 1931, Page 134, Filed August 25, 1997, Fayette County Court Clerk's Office).

3. A Complaint was filed in the Fayette Circuit Court on August 19, 1999, by Marcus P. Hargis as Guardian for Margaret L. Block (Civil Action No. 99–CI–2918 styled "Margaret L. Block, by and through Marcus P. Hargis, Guardian, Plaintiff, v. Angela Griffin Allen, Defendant") alleging the unauthorized sale of the real estate, and the conversion of $40,000.00.

4. According to the Affidavit of Respondent Allen's employer, Melvin K. Drury, President of American Title Group, Inc., Respondent Allen admitted to him on February 3, 2000, that, in August of 1999, she used $39,914.00 out of American Title Group, Inc.'s escrow

account to pay off "a personal law suit to Marcus P. Hargis."

On the basis of Allen's conduct and her subsequent failure to respond to the charges against her, the Board of Governors found her guilty of violating SCR 3.130–8.3(b) & (c) and SCR 3.130–8.1(b).

After considering Allen's three (3) previous suspensions, including her current two (2) year suspension which began on March 23, 2000,[4] the Board of Governors recommended that Allen be permanently disbarred from the practice of law in the Commonwealth of Kentucky. Allen made no request pursuant to SCR 3.370(8) that this Court review the Board's recommendation, and, pursuant to SCR 3 .370(10), this Court therefore adopts the recommendation of the Board of Governors.

ACCORDINGLY, IT IS HEREBY ORDERED:

(1) Respondent, Angela Griffin Allen, is hereby permanently disbarred from the practice of law in the Commonwealth of Kentucky and shall not be permitted to apply for reinstatement of her license to practice law. The period of disbarment shall commence on the date of entry of this Order.

(2) In accordance with SCR 3.450 and SCR 3.480(3), Allen is ordered to pay all costs associated with these disciplinary proceedings against her, said sum being one hundred fifty-three dollars and sixty-four cents ($153.64), and for which execution may issue from his Court upon finality of this Opinion and Order.

(3) Pursuant to SCR 3.390, Allen shall, within ten (10) days from the entry of this Opinion and Order, notify in writing all courts in which she may have matters pending and all clients, of her inability to provide further legal services, and furnish the Director of the Kentucky Bar Association with a copy of all such letters.

All concur.

Entered: December 21, 2000.

/s/ Joseph E. Lambert
Chief Justice

4. *See Allen v. Kentucky Bar Ass'n,* Ky., 985 S.W.2d 347 (1999); *Kentucky Bar Ass'n v.* *Allen,* Ky., 13 S.W.3d 927 (2000).