**KENTUCKY BAR ASSOCIATION,**
Movant

v.

**Richard Kip CAMERON, Respondent.**

No. 2008–SC–000316–KB.

Supreme Court of Kentucky.

Sept. 18, 2008.

As Corrected Sept. 24, 2008.

## OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association has recommended to this Court that Richard Kip Cameron, who was admitted to practice law in Kentucky on May 19, 1978, whose Member No. is 10144, and whose last known bar roster address is 1611 South Main Street, Suite 14, P.O. Box 1013; Hopkinsville, Kentucky 42240, be permanently disbarred from the practice of law because of two separate charges that resulted in defaults under SCR 3.210.[1] We agree with the Board's recommendation.

### KBA File No. 14584

■ On September 21, 2007, Cameron received a formal charge from the Inquiry Commission arising out of his unprofessional undertakings while he served as the court-appointed conservator. Cameron's actions include misappropriating funds, double-charging the estate, and failing to file timely the required annual reports. The facts are not in controversy and are as follows.

From June 23, 1986, to September 15, 2004, Respondent served as the Christian District Court appointed Conservator of the Estate of Troy Perry. As Conservator, Respondent came into control of various sums of money that belonged to Mr. Perry.

Respondent was late in filing his annual reports for the years 2003 and 2004, and on September 24, 2004, Pam Neely was appointed by the Court to serve as the new conservator.

Ms. Neely discovered that during the term of his conservatorship Respondent double-charged the estate by charging both a Conservator fee and a private attorney fee, and misappropriated and converted to his own use money that belonged to Mr. Perry. . . . [2]

The amount Respondent misappropriated and converted to his own use is at least equal to $13,490.00.

On May 24, 2006, the Christian District Court ordered the Respondent to make a final accounting to the Veterans Administration. Respondent did not comply with the order.

On September 22, 2006, Ms. Neely sued Respondent in Christian Circuit Court to recover the misappropriated funds.

On October 20, 2007, the Christian County Sheriff served a copy of the Charge on Cameron. Cameron did not respond or answer the following counts of the Charge:

(1) SCR 3.130–3.4(c) (an attorney "shall not knowingly or intentionally disobey an obligation under the rules of a tribunal");

(2) SCR 3.130–8.1(d) (an attorney "shall not . . . knowingly fail to respond to a lawful demand for information from . . . [a] disciplinary authority");

(3) SCR 3.130–8.3(b) (misconduct for a lawyer to "commit a criminal act

---

1. Most facts and dates are from the Kentucky Bar Association's *"Findings of Fact, Conclusions of Law[,] and Recommendations of the KBA Board of Governors."*

2. *Inquiry Com'n v. Cameron,* 247 S.W.3d 535, 536 (Ky.2008) (temporarily suspending respondent).

that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer . . .");

(4) SCR 3.130–8.3(c) (misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit, or misrepresentation").

■ Under SCR 3.210 Cameron's file was processed as a default case and went directly to the Board because Cameron failed to respond to the Charge after he was duly served with a copy. Cameron's failure to respond is equivalent to an admission of guilt because, "(w)hen an attorney fails to respond to a complaint, the allegation of the complaint may be taken as confessed."[3] Therefore, on March 14, 2008, the Board unanimously (15–0) found Cameron guilty of counts I, II, III, and IV of KBA Charge File No. 14584.

*KBA File No. 15069*

Cameron was retained to represent Arthur Wimberly in the appeal of his criminal conviction to the Kentucky Court of Appeals. Cameron misrepresented the appeal's status by telling Wimberly, on numerous occasions, that his appeal brief had been filed. Cameron never filed the brief.

On August 16, 2006, the Kentucky Court of Appeals ordered Cameron to file a status report stating whether Wimberly had abandoned his appeal. The status report was filed on September 7, 2006; and it stated that Wimberly was not abandoning his appeal but that Cameron was only retained to file a Notice of Appeal and Designation of Record.

On October 19, 2006, the Kentucky Court of Appeals ordered Cameron to file a motion to withdraw as Wimberly's counsel. The court also directed Cameron to file, on behalf of Wimberly, an affidavit of indigency and a motion to proceed in forma pauperis so he could obtain representation from the Department of Public Advocacy. Cameron ignored the court's order, and he never filed the pleadings.

On March 14, 2007, the Court of Appeals ordered Cameron to show cause why Wimberly's appeal should not be dismissed; and the court reminded Cameron that a failure to reply could "result in the imposition of sanctions against counsel." But Cameron, once again, disregarded the order and failed to respond.

On October 20, 2007, the Christian County Sheriff served Cameron with a copy of the seven-count Charge stemming from the facts discussed above. Cameron did not reply to the following counts of the Charge:

(1) SCR 3.130–1.3 ("lawyer shall act with reasonable diligence and promptness in representing a client");

(2) SCR 3.130–1.4(a) (a lawyer shall "keep a client reasonably informed about the status of a matter and promptly reply with reasonable requests for information");

(3) SCR 3.130–1.16(d) ("[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests . . .");

(4) SCR 3.130–3.2 (a lawyer shall "make reasonable efforts to expedite litigation . . .");

(5) SCR 3.130–3.4(c) (a lawyer "shall not knowingly or intentionally disobey an obligation under the rules of a tribunal");

**3.** *Kentucky Bar Ass'n v. Sivalls*, 165 S.W.3d 137, 139 (Ky.2005) (*quoting Kentucky Bar Ass'n v. Roney*, 862 S.W.2d 315, 317 (Ky. 1993)).

(6) SCR 3.130–8.1(b) (a lawyer "shall not ... knowingly fail to respond to a lawful demand for information from ... [a] disciplinary authority");

(7) SCR 3.130–8.3(c) (misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit, or misrepresentation").

Therefore, under SCR 3.210, Cameron's case was in default and went directly to the Board. By a preponderance of the evidence, the Board unanimously (15–0) found Cameron guilty of all seven counts of KBA File No 15069.

The Board recommended permanent disbarment because, along with being found guilty of these two charges, Cameron has received three private admonitions within one year. In March 2005, Cameron violated SCR 3.130–1.16(d) (failure to protect client's interest upon termination) by taking over seven months to return an unearned fee. In January 2006, Cameron violated SCR 3.130–1.15(a) (failure to hold client property separately) by depositing real estate closing funds in his operating account instead of his trust account. In March 2006, Cameron violated SCR 3.130–8.3(b) (commission of criminal act reflecting adversely of moral turpitude) by pleading guilty to a class B misdemeanor by issuing a worthless check in the amount of $374.00 to his veterinarian.

Furthermore, on January 10, 2008, the Board recommended, and this Court agreed, that Cameron should be suspended for 181 days, with 60 days probated for two years on the conditions that Cameron execute and comply with a KYLAP monitoring agreement; pay restitution of $500 to a client for an unearned fee; pay restitution of $514.00 to another client for an

unearned fee, and $794.76 for payment of costs.[4]

Because of Cameron's actions taken in these two instances and his history of unprofessional conduct, the Board, by a vote of 14–1, recommended that Richard Kip Cameron be permanently disbarred. The Board also recommended that Cameron be ordered to pay restitution to the Estate of Troy Perry for the money Cameron misappropriated in an amount determined by the Christian Circuit Court or to the Client's Security Fund should it reimburse that victim, as provided in SCR 3.820. Cameron has not filed a notice with this Court to review the Board's decision, and we do not elect to review the decision of the Board under SCR 3.370(8). The decision of the Board is hereby adopted under SCR 3.370(10).

Accordingly, we order that:

1) Respondent, Richard Kip Cameron, is permanently disbarred from the practice of law;

2) In accordance with SCR 3.450, Cameron must pay all costs associated with these disciplinary proceedings against him, the sum being $921.79, for which execution may issue from this Court upon finality of this Opinion and Order; and

3) Under SCR 3.390, Cameron must, within ten (10) days from entry of this Opinion and Order, (a) to the extent possible, cancel and cease any advertising activities in which he is engaged; and (b) notify all clients, in writing, of his inability to represent them; notify all courts in which he has matter pending of his disbarment from the practice of law; and furnish cop-

4. *Kentucky Bar Ass'n v. Cameron*, 2008–SC–000040–KB (2008) (KBA Charge File Nos. 14208, 14761, and 14850).

ies of said letters of notice to the Director of the Kentucky Bar Association.

All sitting, except CUNNINGHAM, J.
All concur.

ENTERED: September 18, 2008.

/s/ John D. Minton, Jr.

Chief Justice