**KENTUCKY BAR ASSOCIATION,**
**Movant,**

v.

**Stephen C. KESSEN, Respondent.**

**No. 2010–SC–000083–KB.**

Supreme Court of Kentucky.

May 20, 2010.

### OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association has recommended to this Court that Respondent, Stephen C. Kessen, KBA Member No. 88668, be permanently disbarred as a result of converting funds that belonged to his law firm to his own use. Kessen was admitted to practice law in Kentucky on April 17, 2001, and his last known bar roster address is 3981 Harburg Avenue, Cincinnati, OH 45209. We agree with and adopt the Board's recommendation.

### FINDINGS OF FACT

In 2002, Kessen was a member of both the Kentucky and Ohio Bar Associations and was employed as an associate by Martin and Bailey, a Cincinnati law firm. In 2002 and 2003, Kessen converted checks intended for his firm that had been issued by the clerks of two Ohio courts. During this same time, Kessen personally accepted fifteen checks from a client in payment for legal services when those checks should have been delivered to his law firm. In total, he converted funds totaling $7,650.00 for his own use. These circumstances led to Kessen's resignation from the Ohio Bar.

Upon learning of this resignation, the Kentucky Bar Association's Office of Bar Counsel wrote to Kessen asking for an explanation of his resignation. On March 6, 2005, Kessen wrote a letter to Bar Counsel in which he acknowledged that he asked a client to pay him directly for work that he had performed, and that he did keep those funds and did not deliver them to his law firm.

In October 2005, the Kentucky Bar Association's Inquiry Commission issued a complaint against Kessen. Repeated attempts to serve Kessen were unsuccessful. Pursuant to SCR 3.175(2), the Office of Bar Counsel then served the Executive Director of the Kentucky Bar Association as Kessen's agent for service of documents. Kessen never responded to the requests for additional information after his March 6, 2005 letter.[1]

On September 21, 2009, the Inquiry Commission issued a three count charge against Kessen. Count I charged Kessen with making a false statement in his letter dated March 6, 2005, in violation of SCR 3.140–8.1(a) "when he stated that his resignation was due to health problems and issues stemming from his divorce, rather than his accepting fees that belonged to his employer". Count II charged Kessen with violating SCR 3.140–8.1(b) when he "knowingly" failed to respond to a lawful demand for information from a disciplinary authority. As previously stated, Kessen never provided any of the information the Kentucky Bar Association requested. The record reflects that Kessen knew there was an investigation into his alleged misconduct, but he made no effort to aid in the investigation as required by SCR

3.130–8.1(b). Count III charged Kessen with violating SCR 3.130–8.4(c) when he engaged in conduct involving dishonesty, fraud, deceit or misrepresentation by virtue of his conversion of funds that belonged to his law firm.

On January 27, 2010, the Board of Governors reviewed the charges against Kessen. On Count I the Board found Kessen not guilty by a vote of eighteen to zero. The Board concluded that the record reflected that the March 6, 2005 letter did adequately inform the Kentucky Bar Association that he resigned "rather than go through another investigation." Thus, the Board determined that Kessen did not make a false statement.

On Count II the Board found Kessen not guilty by a vote of sixteen to two because Kessen was never personally served with the letters requesting information, but was instead provided constructive service through SCR 3.175. Thus, the Board believed that he did not "knowingly" fail to respond to the disciplinary authority because he never received actual notice.

On Count III the Board of Governors found Kessen guilty by a vote of sixteen to two. The Board agreed that there was sufficient evidence to support the charge that Kessen converted money intended for his law firm for his own personal use.

Based on the seriousness of Count III, which Kessen was found guilty of, the Board of Governors recommended by a vote of sixteen to two to permanently disbar him. *See Kentucky Bar Association v. Hawkins*, 260 S.W.3d 337 (Ky.2008); *Kentucky Bar Association v. Steiner*, 157 S.W.3d 209 (Ky.2005); and *Kentucky Bar*

---

1. We note that the record indicates Kessen had a phone conversation with Bar Counsel, Cary B. Howard, at some point between November 14 and December 16, 2005, in which Kessen indicated he moved to a new address. However, all correspondence sent to the new address was unclaimed and Kessen provided no additional information to the Kentucky Bar Association outside of the March 6, 2005 letter.

*Association v. Allen,* 32 S.W.3d 765 (Ky. 2000).

## CONCLUSION

"The findings of fact by the trial commissioners and the Board of Governors in a disciplinary proceeding are advisory only." *Kentucky Bar Ass'n v. Berry,* 626 S.W.2d 632, 633 (Ky.1981). "Final decisions of guilt and punishment can only be made by the Supreme Court, and it is done on the basis of a de novo consideration of pleadings and trial review." *Kentucky Bar Ass'n v. Jones,* 759 S.W.2d 61, 64 (Ky.1988). Upon reviewing the record, we adopt the Board of Governors' findings that Kessen is not guilty of Count I, and guilty of Count III, but disagree with the Board's finding that Kessen is not guilty of Count II.

The record reflects that Kessen was well aware that the Kentucky Bar Association was investigating the alleged conversion of funds from his former law firm. Kessen pledged to aid with the investigation, but never accepted actual service of any of the letters sent to him requesting additional information. He was then provided constructive service per SCR 3.175(2). Constructive service under this provision was sufficient to place Kessen on notice for all related purposes. Thus, it cannot be said that he did not "knowingly" fail to respond to the disciplinary authority, and we accordingly find Kessen guilty of Count II.

Thus it is ORDERED that:

1) Respondent, Stephen C. Kessen, KBA Member No. 88668, 3981 Harburg Avenue, Cincinnati, OH 45209, is permanently disbarred;

2) In accordance with SCR 3.450, Respondent must pay all costs associated with these disciplinary proceedings against him, the sum being $394.84, for which execution may issue from this Court upon finality of this Opinion and Order;

3) Under SCR 3.390, Respondent must, within ten (10) days from entry of this Opinion and Order, (a) to the extent possible, cancel and cease any advertising activities in which he is engaged; and (b) notify all clients, in writing, of his inability to represent them; notify all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

All sitting. All concur.

ENTERED: May 20, 2010.

/s/ John D. Minton, Jr.
    CHIEF JUSTICE