**KENTUCKY BAR ASSOCIATION, Movant,**

v.

**Charles E. CHRISTIAN, Respondent.**

**No. 2010–SC–000265–KB.**

Supreme Court of Kentucky.

Sept. 23, 2010.

## *OPINION AND ORDER*

Charles E. Christian appeals a unanimous decision of the Kentucky Bar Association (KBA) Board of Governors to permanently disbar Christian from the practice of law in this Commonwealth. Christian, whose KBA member number is 11936, was admitted to practice law in the Commonwealth on October 20, 1981. Christian's bar roster address is 5100 Reidland Road, Paducah, Kentucky 42003. Upon our review of the record, we agree with the KBA's adoption of the trial com-missioner's report and recommendation of permanent disbarment.

This disciplinary proceeding arises from two separate cases. Although the cases were consolidated, the trial commissioner issued separate findings and recommendations in each case. The KBA adopted the findings and recommendations in each instance. As the trial commissioner absolved Christian of the charge brought in the first case, neither party raises any issue concerning that matter before this Court. Thus, we proceed to address the case in dispute, which involves Christian's misconduct in serving as the executor and attorney for the Estate of Daisy Taylor Croft.

Croft died on June 13, 2000, and although Christian possessed everything necessary to probate the will within two months of her death, he filed nothing until May 17, 2001. Further, Christian never registered the testamentary trust as required by law. Between September 25, 2001 and December 18, 2001, Christian wrote nine checks totaling $13,000.00 to himself from the Estate. Christian admitted that he did not earn these fees either as executor or as attorney. Prior to his removal as executor in December 2003, Christian ignored multiple court orders directing him to file inventories and settlements. Christian's inaction also caused the estate to be assessed $9,517.00 by the Kentucky Revenue Cabinet.

Nearly three years after he was removed as executor of the estate, Christian signed an order admitting that he owed the estate $19,600.00. Christian signed a corresponding promissory note as well. The trial commissioner found that this figure was a compromise of the amount Christian had paid himself and the amount of the tax assessment. Despite having signed the documents in 2006, Christian made no effort to repay any of the debt to

the estate. Moreover, the trial commissioner found that after his removal as executor, Christian failed to expeditiously furnish the new executor with the estate files.

Based upon the foregoing, a five-count charge was issued against Christian in April 2007. An evidentiary hearing was held before the trial commissioner who found Christian guilty of all five counts and recommended permanent disbarment. Specifically, the trial commissioner found that Christian had violated SCR 3.130–1.3, which requires a lawyer to act with reasonable diligence and promptness. In support of this conclusion, the trial commissioner cited Christian's delay of over ten months in taking initial steps to probate the will, Christian's failure to file an inventory despite repeated court orders to do so, Christian's failure to register the testamentary trust or have a trustee appointed, and his lack of diligence in providing the successor executrix with an accounting.

Christian was also found guilty of violating SCR 3.130–1.5, which requires a lawyer's fee to be reasonable. The trial commissioner noted that the $13,000.00 exceeded the statutory fee allowed an executor and that the probate court file revealed that Christian had done very little work on the estate. Furthermore, the order Christian signed conceded that "he was paid moneys from the estate for services that were not performed by him."

The trial commissioner further found Christian guilty of SCR 3.130–1.16(d), which requires a lawyer to take steps to protect a client's interest upon termination of representation, including surrendering any papers and property and refunding any unearned advance payments. Christian's failure to promptly turn the files

over to the successor executrix as well as his failure to refund the agreed-upon sum to the estate formed the basis for this conclusion.

Additionally, Christian was deemed to have violated SCR 3.130–3.4(c), which prohibits a lawyer from knowingly or intentionally disobeying an obligation under the rules of a tribunal. In support of this conclusion, the trial commissioner cited Christian's repeated failures to respond to court orders to file inventories and failure to appear for show cause hearings.

Lastly, Christian was found to have violated SCR 3.130–8.4(c),[1] which specifies that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation. The trial commissioner found that Christian had dishonestly taken the $13,000.00, not having earned it, and although it was apparent that he had performed some minimal work for the estate, Christian provided no evidence of work he had performed.

The trial commissioner found that Christian provided no reason or excuse for his misconduct and, accordingly, recommended permanent disbarment for these violations. The KBA adopted the findings and recommendations of the trial commissioner. Before this Court, Christian asserts that he did, in fact, cooperate with the successor executrix and that his conduct did not involve dishonesty, fraud, deceit or misrepresentation. Aside from these two arguments, the trial commissioner's findings and conclusions are largely undisputed. Nevertheless, Christian argues that permanent disbarment is too severe a sanction for his actions.

---

1. At the time of the charge against Christian, this provision was SCR 3.130–8.3. The rule has recently been renumbered and is current-

ly found at SCR 3.130–8.4(c). The current citation will be used in this opinion.

Turning first to Christian's assertions regarding his cooperation with the successor executrix and whether his conduct involved dishonesty, we must agree with the KBA that these violations were proven. As to his cooperation with the successor executrix, this violation was conceded by Christian's counsel at the beginning of the hearing, but clarified at its conclusion to encompass only Christian's failure to refund the payments he had advanced himself. At any rate, such advancements were property of the estate and his failure to return them to the estate establishes a violation SCR 3.130–1.16(d). And although Christian maintains that he turned over the estate files to the successor attorney within a moderately reasonable time, the trial commissioner found that Christian failed to promptly turn over the files despite repeated requests. As to whether Christian's misconduct rose to the level of "dishonesty, fraud, deceit or misrepresentation," under SCR 3.130–8.4(c), the trial commissioner agreed with Christian that there was no fraud, deceit or misrepresentation. However, the trial commissioner concluded that Christian's taking of the $13,000.00, whatever the reason, was dishonest. We must agree.

We now turn to Christian's contention that the sanction is too severe. Christian cites to cases wherein this Court has deemed suspension and restitution to be a more appropriate sanction than permanent disbarment for a lawyer's mishandling and retention of monies. Distinguishing factors in those cases render them unpersuasive here. For example, the amounts of money withheld in *Kentucky Bar Ass'n v. Hammond*, 241 S.W.3d 310 (Ky.2007), were vastly less than the $13,000.00 here, and the clients actually paid Hammond sums that were subsequently not earned. Hammond did not simply take client funds that were in his custody and control, as Christian did in this case. In *Hensley v.*

*Kentucky Bar Ass'n*, 222 S.W.3d 232 (Ky. 2007), the lawyer's restoration of the funds, lack of disciplinary history, and cooperation with the disciplinary proceedings mitigated her punishment. And, in *Kentucky Bar Ass'n v. Hawkins*, 260 S.W.3d 337 (Ky.2008), the lawyer's sobriety, involvement in Alcoholics Anonymous, and earnest participation in the Kentucky Lawyers Assistance Program served as mitigating factors.

Christian urges that the KBA failed to consider similar mitigating factors in his situation. Specifically, Christian testified that he had sought therapy for depression and was taking medication for it. Further, Christian admitted to possible "episodic" alcohol abuse. The KBA responds that although mental disability or chemical dependency may be mitigating factors, medical evidence must be presented and there must be proof that the disability caused the misconduct. *Kentucky Bar Ass'n v. Steiner*, 157 S.W.3d 209 (Ky.2005); ABA Standards 9.32(i)(1). Furthermore, recovery from the condition must be demonstrated by a "meaningful and sustained period of successful rehabilitation," ABA Standards 9.32(i)(3), and the misconduct must have stopped and recurrence proved to be unlikely. As pointed out by the KBA, Christian submitted no medical evidence nor was there any contention that his alleged disability or dependency caused his misconduct. Although Christian asserted that he had attended Alcoholics Anonymous meetings, he conceded that he did not attend with any regularity and although he had been referred to KYLAP, he declined to participate.

Thus, the KBA submits that there are no mitigating factors, but rather aggravating factors exist. Specifically, Christian has a disciplinary history consisting of three private admonitions. Furthermore, Christian has made no efforts to reimburse

the estate for the unearned monies he took. At the hearing, Christian pleaded an inability to pay due to his dire financial plight and underemployment. At any rate, as the KBA points out Christian had made no efforts to pay any of the money back to the estate. The KBA further points out that the vulnerability of the victim is significant. Specifically, pursuant to Croft's will, a testamentary trust was to be established for her niece, Mildred Moore, who was in her seventies at the time of Croft's death. Because of Christian's inaction, Moore had to pay Croft's funeral expenses out of her own pocket and was not reimbursed by the estate until much later.

The KBA cites several cases where permanent disbarment was imposed for similar infractions. *See, e.g., Kentucky Bar Ass'n v. Kessen*, 311 S.W.3d 249 (Ky.2010) (imposing permanent disbarment for misappropriation of over $7000.00); *Kentucky Bar Ass'n v. Cameron*, 262 S.W.3d 643 (Ky.2008) (imposing permanent disbarment for misappropriation of funds exceeding $13,000.00, ignoring court orders, and misrepresenting the status of the case to client); *Kentucky Bar Ass'n v. Klapheke*, 203 S.W.3d 135 (Ky.2006) (imposing permanent disbarment for misappropriating settlement funds in excess of $6,000.00).

We agree with the trial commissioner's findings and conclusions, as well as the post-hearing report of the KBA Board of Governors and, accordingly, impose the recommended sanction of permanent disbarment.

Therefore, it is hereby ORDERED that:

1. Respondent, Charles E. Christian, is adjudicated guilty of the ethical violations described hereinabove.

2. Christian is permanently disbarred from the practice of law in Kentucky.

3. Christian is directed to pay all sums due and owing on the promissory note payable to the Estate of Daisy Taylor Croft.

4. In accordance with SCR 3.450, Christian is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $1,727.85, for which execution may issue from this Court upon finality of this Opinion and Order; and

5. In accordance with SCR 3.390, Christian is ordered to send letters to all Courts in which he has matters pending and all clients for whom he is actively involved in litigation within ten days of this Order notifying them of his inability to continue to represent them and advising them of the necessity of retaining new counsel. Christian shall also provide a copy of such letters to the Director of the KBA.

Furthermore, to the extent possible, Christian shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: September 23, 2010.

/s/ <u>John D. Minton, Jr.</u>
    Chief Justice