**KENTUCKY BAR ASSOCIATION, Movant**

v.

**Edward A. MAYER, Respondent.**

**No. 2012–SC–000823–KB.**

Supreme Court of Kentucky.

March 21, 2013.

---

### OPINION AND ORDER

Edward A. Mayer, KBA No. 45010, was admitted to the practice of law in the Commonwealth of Kentucky on September 1, 1973, and his bar roster address is listed as 2525 Bardstown Road, Louisville, Kentucky 40205. He moves this Court to reverse the findings previously entered and dismiss the matter relating to alleged violations of SCR 3.130–1.4(a), SCR 3.130–1.5(a)–(c), and SCR 3.130–8.3(c)(since re-

numbered as SCR 3.130–8.4(c)). However, the Kentucky Bar Association recommends that Mayer be permanently disbarred from the practice of law, and this Court agrees.

Mayer's alleged conduct rises out of a March 2003 automobile accident in which his client Lauren (Bratcher) Stanley was seriously injured. Mayer and Stanley signed a 28% fee agreement for his representation in the matter, which ultimately settled for $200,000. The sum total was to be paid in two separate $100,000 checks issued from two difference insurance companies. Mayer deposited the first check into his escrow account in May 2004, and in November of that same year the balance of that account was $2,940.10, despite lack of payment to Stanley.

In September 2004, Mayer received the other $100,000 check which he held until February of 2005, at which point he also deposited it into his escrow account. By December 2005, the balance of Mayer's escrow account was only $1,518.82, despite the fact he had paid only $10,000 to Stanley and $30,000 to Humana on its claim against the proceeds. Even if Mayer had taken his entire 28% ($56,000) fee out of the proceeds, the escrow balance should have been $104,000.

In 2006 Mayer paid no money to Stanley, in 2007 he paid her $40,000, and in 2008 he paid her another $40,000. In December of 2009, more than five years after receiving the second settlement check, Mayer paid Stanley another $20,000 bringing the total paid to $110,000, $4,000 less than the $114,000 owed to her. This resulted in Mayer receiving a 30% fee ($60,000) instead of the agreed upon 28% ($56,000) fee.

During the five years between receiving the settlement proceeds and transferring the funds to his client, Mayer treated the funds as his own: writing checks for cash, writing checks to family members, and paying off his own personal tax obligations. Stanley repeatedly called Mayer's office, but was seldom able to reach him. When Stanley was able to speak with Mayer, he assured her that everything was taken care of and she would be receiving her money any day. Furthermore, despite repeated inquiries, Mayer failed to give Stanley any explanation of the settlement proceeds until approximately four and one-half years after receiving the funds.

In 2010, Stanley filed a bar complaint against Mayer. It was only after the complaint was filed that Mayer agreed to meet with Stanley. After the meeting, Mayer wrote Stanley two checks for $5,000 with the instruction to "get the Bar Association off his ass."

A hearing was held on the matter, and the Trial Commissioner's report found Mayer guilty of all five charges presented. The Trial Commissioner recommended permanent disbarment. Pursuant to SCR 3.370(6), the Board of Governors decided, by a vote of 20 to 0, that the decision of the Trial Commissioner regarding the findings of the violations and degree of discipline imposed was supported by substantial evidence and not clearly erroneous. For this reason the Kentucky Bar Association recommends that Mayer be found guilty of all five Counts: (1) Count I charges Mayer with violating SCR 3.130–1.4(a),[1] (2) Count II charges Mayer with violating SCR 3.130–1.5(c),[2] (3) Count III charges Mayer

1. Failure to promptly comply with a client's reasonable requests for information.

2. Failure to provide a written statement upon recovery of funds stating the outcome, remittance, to the client, and its method for determination.

with violating SCR 3.130–1.15(a),[3] (4) Count IV charges Mayer with violating SCR 3.130–1.15(b),[4] and (5) Count V charges Mayer with violating SCR 3.130–8.3(c) (since renumbered as SCR 3.130–8.4(c))[5]. The Kentucky Bar Association also recommends that Mayer be permanently disbarred from the practice of law.

Mayer filed a brief in response to the KBA's findings in which he asks that the matter be dismissed. Mayer argues that the discrepancy in the amount of the fee to be charged (30% instead of 28%) was a result of a mutual mistake, and was no fault of his own. He does, however, admit that he failed to provide a settlement statement to Stanley, but claims that she suffered no harm as a result. He concludes that all counts should be dismissed, arguing that the matter was the result of a misunderstanding, and, given the totality of the circumstances, Stanley suffered no resulting harm.

In *Kentucky Bar Association v. Christian*, we held that permanent disbarment was an appropriate sanction for an attorney who took $13,000 from an estate that he had not earned as an executor or an attorney, failed to act with diligence to probate the will, and failed to reply to court orders to file accountings of the estate. 320 S.W.3d 687 (Ky.2010); *see also, Kentucky Bar Association v. Kessen*, 311 S.W.3d 249 (Ky.2010) (imposing permanent disbarment for the misappropriation of $7,000); *Kentucky Bar Association v. Cameron*, 262 S.W.3d 643 (Ky.2008) (imposing permanent disbarment for misappropriation of funds exceeding $13,000, ignoring court orders, and misrepresenting the status of the case to the client); *Ken-tucky Bar Association v. Klapheke*, 203 S.W.3d 135 (Ky.2006) (imposing permanent disbarment for misappropriating settlement funds in excess of $6,0000).

Given a full review of the record and applicable case law, we agree with the Board of Governors' findings and in light of the numerous ethical violations adopt their recommendation to permanently disbar Mayer. It is thus, ORDERED:

1. Edward A. Mayer is hereby permanently disbarred from the Kentucky Bar Association. Mayer may never apply for reinstatement to the Bar under the current rules;

2. Pursuant to SCR 3.390, Mayer shall, within ten days from the entry of this Opinion and Order: (a) notify, in writing, all clients of his inability to represent them, and of the necessity and urgency of promptly retaining new counsel; (b) notify, in writing, all courts in which he has matters pending of his suspension from the practice of law; (c) provide a copy of all such letters of notification to the Office of Bar Counsel; and (d) to the extent possible, immediately cancel and cease any advertising activities in which he is engaged; and

3. In accordance with SCR 3.450, Mayer is directed to pay all costs associated with the disciplinary proceedings against him, said sum being $1,884.01, for which execution may issue from this Court upon finality of this Opinion and Order.

---

3. Failure to hold a client's property separate from his own.

4. Failure to properly deliver funds or property owed to the client and third persons that they are entitled to receive.

5. Engaging in professional misconduct involving fraud, deceit, and misrepresentation.

MINTON, C.J., ABRAMSON, CUNNINGHAM, NOBLE, SCOTT, and VENTERS, JJ., sitting. All concur.

ENTERED: March 21, 2013.

/s/ John D. Minton, Jr.
Chief Justice