TO BE PUBLISHED

# Supreme Court of Kentucky

2024-SC-0198-KB

IN RE: GARY ALAN TABLER

IN SUPREME COURT

## OPINION AND ORDER

This matter comes before the Court upon the recommendation of the Board of Governors ("Board"), pursuant to SCR[1] 3.210, for disbarment of Gary Allen Tabler[2] due to his unauthorized taking of over $200,000 from the Estate of Joyce Hardin during his time as administrator. For the following reasons, we accept the Board's recommendation.

## Background

The charge against Tabler stems from his work as the administrator of the Estate of Joyce Hardin. Tabler was appointed administrator in 2012 and during the ten years he served as administrator, Tabler on multiple occasions failed to timely file estate inventories and periodic settlements. Tabler also failed to properly distribute estate assets to Hardin's heirs. After Tabler's repeated failures, the district court relieved him of his duties and appointed a public administrator. Once removed, Tabler refused to turn over any

---

[1] Supreme Court Rule.

[2] Tabler's KBA member number is 69510 and his bar roster address is 7209 Ben Franklin Ct., Louisville, Kentucky, 40214.

documentation related to the Estate, despite court orders that he do so. Ultimately, the public administrator subpoenaed the estate's bank records and discovered that Tabler had written thirty checks to himself from the estate's bank account amounting to $218,656.72.[3]

The Jefferson County Public Administrator filed the underlying Bar complaint against Tabler on May 2, 2023. We laid out the procedural background of Tabler's case in our prior order indefinitely suspending Tabler from the practice of law:

> Tabler was served with the complaint by certified mail on May 11, 2023. Initially, counsel for Tabler communicated with the Office of Bar Counsel ("OBC"), first requesting on June 27, 2023, an extension to file a response, and finally filing that response on July 18, 2023. At that time, Tabler's counsel denied the allegation that Tabler had written checks in excess of $200,000.00 to himself from the estate's bank account.[] Tabler's counsel moved to withdraw on September 22, 2023, and in its response, the OBC did not oppose. After receiving the OBC's response to the motion, Tabler submitted an affidavit on October 2, 2023, stating that he had been unaware of his attorney's motion to withdraw, but also that he had no objection to withdrawal and requested thirty days to obtain new counsel. The Inquiry Commission granted counsel's motion on October 9, 2023.
>
> On October 4, 2023, the OBC filed a petition for temporary suspension pursuant to SCR 3.165(1)(a) alleging Tabler had improperly used client funds. Tabler attempted to file a response to the petition with the Inquiry Committee, which the OBC received on October 24, 2023, and was forwarded to Deputy Bar Counsel on November 6, 2023. Bar Counsel informed Tabler he needed to file his response with the Court, however Tabler failed to do so. On

---

[3] This Court's prior order of temporary suspension and the restitution amount in the initial charge reflect the total amount of the checks to be $180,725.00. However, our review of the full record, which includes images for 26 of the 30 checks and bank records for the other 4, shows the total to be the higher amount noted in the body of this opinion.

December 14, 2023, this Court entered an order temporarily suspending Tabler.[4]

On October 13, 2023, the Inquiry Commission issued a charge against Tabler for violations of SCR 3.130(1.3),[5] SCR 3.130(1.15)(a),[6] SCR 3.130(1.16)(d),[7] and SCR 3.130(8.4)(c).[8] Tabler was served the Charge by certified mail on October 20, 2023. No Answer was received by November 11, 2023. The KBA then sought service through the Jefferson County Sherriff's Office, but it was unable to locate Tabler. Accordingly, service was completed again on December 20, 2023, by service upon the Executive Director of the KBA pursuant to SCR 3.035(2).

*In re Tabler*, 694 S.W.3d 292, 293-94 (Ky. 2024)

On January 24, 2024, the OBC moved for Tabler's indefinite suspension from the practice of law pursuant to SCR 3.167. This court granted that motion by opinion and order dated April 18, 2024.

---

[4] Despite his suspension, Tabler remained listed as attorney of record in four cases in Jefferson County as of April 18, 2024.

[5] "A lawyer shall act with reasonable diligence and promptness in representing a client."

[6] "A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the consent of the client, third person, or both in the event of a claim by each to the property. The separate account referred to in the preceding sentence shall be maintained in a bank which has agreed to notify the Kentucky Bar Association in the event that any overdraft occurs in the account. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation."

[7] "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law."

[8] "It is professional misconduct for a lawyer to: . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation[.]"

3

The Order of Submission was tendered to the Board on January 24, 2024. 18 members of the Board voted unanimously to find Tabler guilty on all counts. The Board recommended Tabler be permanently disbarred from the practice of law, make restitution in the amount he took from the Estate of Joyce Hardin, and pay costs associated with this action. Tabler has not responded.

## Discipline

Having reviewed the record, and noting Tabler's failure to respond, we agree and adopt and Board's finding that Tabler is guilty on all counts. The record contains not just a line-by-line record of every check Tabler wrote from the Estate to his personal account, but also reproductions of the checks themselves. This evidence, in conjunction with the uncontroverted record of proceedings before the probate court showing Tabler's decade-long deleterious administration of the Estate, amply supports the Board's findings.

As to punishment, we hold disbarment to be appropriate. In *Kentucky Bar Ass'n v. Edwards*, 377 S.W.3d 557 (Ky. 2012), we found disbarment appropriate in substantially similar circumstances to Tabler's. Terry Edwards was appointed co-curator of the finances of Emma Kottmyer. During his time as co-curator, "Edwards made several unexplained withdrawals from Kottmyer's IRA account; sold her home without court approval; and paid himself $20,810 in fees. [And,] Edwards wrote checks to himself totaling $78,000, designating these disbursements as 'loans.'" *Id.* at 559. After Kottmyer's death, Edwards failed to file a final settlement for the Estate for

4

more than a year. *Id.* For these actions, we ordered Edwards be permanently disbarred. Considering Tabler committed largely the same acts but to a much greater degree of egregiousness, we are left with little doubt as to the appropriateness of disbarment. *See also Ky. Bar Ass'n v. Christian*, 320 S.W.3d 687 (Ky. 2010) (imposing permanent disbarment for misappropriation of $19,600 of estate assets); *Ky. Bar Ass'n v. Kessen*, 311 S.W.3d 249 (Ky. 2010) (imposing permanent disbarment for misappropriation of over $7000); *Ky. Bar Ass'n v. Cameron*, 262 S.W.3d 643 (Ky. 2008) (imposing permanent disbarment for misappropriation of funds exceeding $13,000, ignoring court orders, and misrepresenting the status of the case to client); *Ky. Bar Ass'n v. Klapheke*, 203 S.W.3d 135 (Ky. 2006) (imposing permanent disbarment for misappropriating settlement funds in excess of $6,000).

Because Tabler failed to respond to the charges in any substantive capacity, we are left without mitigating factors to consider. However, as we noted in our order indefinitely suspending Tabler, he has been subject to instances of prior discipline:

> The first, on March 14, 1997, was regarding Tabler's failure to act with diligence when he neglected to finalize a divorce decree. The second, on May 11, 2006, was given after Tabler wrote a check for a custodial evaluation on behalf of his client before depositing the reimbursement check he received from his client's family member. The check bounced and Tabler's escrow account was not set up to notify the KBA of any overdrafts as required. The final private admonition was given on February 15, 2010, after Tabler filed a personal injury case in the wrong jurisdiction and failed to inform his client of the case's dismissal or the applicable statute of limitations until after the appeal was denied.

5

*In re Tabler*, 694 S.W.3d at 294. These prior acts, as well as Tabler's apparent indifference to the order of temporary suspension, further convince us permanent disbarment is the fitting sanction.

Therefore, the Court adopts the recommendation of the Board of Governors and ORDERS:

(1) Gary Alan Tabler, KBA Member No. 69510, is hereby permanently disbarred from the practice of law in the Commonwealth of Kentucky;

(2) Tabler shall make restitution to the Estate of Joyce Hardin in the amount of $218,656.72;

(3) In accordance with SCR 3.450, Tabler shall pay all costs associated with these disciplinary proceedings, said sum being $536.45, for which execution may issue from this Court upon finality of this Opinion and Order;

(4) Pursuant to SCR 3.390, Tabler shall, within ten (10) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel. Furthermore, to the extent possible, Tabler shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: DECEMBER 19, 2024.

CHIEF JUSTICE

6