TO BE PUBLISHED

# Supreme Court of Kentucky

2025-SC-0028-KB

IN RE: JAMES CAROL WORTHINGTON

IN SUPREME COURT

## OPINION AND ORDER

This matter is before the Court upon James Carol Worthington's motion to resign under terms of permanent disbarment pursuant to SCR[1] 3.480(3). Worthington's Kentucky Bar Association ("KBA") Member Number is 88330 and his bar roster address is 7907 Canonero Way, Apt. A, Louisville, Kentucky 40291. SCR 3.480(3) allows "[a]ny member who has been engaged in unethical or unprofessional conduct . . . to withdraw his membership under terms of permanent disbarment . . . ." The Office of Bar Counsel has filed a response expressing no objection to Worthington's motion. Having reviewed the record and considered Worthington's admission of unethical conduct, we grant his motion for permanent disbarment.

## I.     FACTUAL & PROCEDURAL BACKGROUND

The KBA began investigating Worthington related to his work as the fiduciary of several client estates and trusts. That investigation led to the Inquiry Commission on November 8, 2023, filing a Petition for Temporary

---

[1] Rules of the Supreme Court.

Suspension pursuant to SCR 3.165(1)(a) and (b). The petition focused on Worthington's handling of two client accounts, the Wayne Jones Trust and the estate of Clarence Stuber, where Worthington was alleged to have converted over $300,000 in client funds for his personal use. This Court granted the petition and temporarily suspended Worthington on February 15, 2024.

On September 20, 2024, an information was filed against Worthington in the United States District Court, Western District of Kentucky. Worthington entered a plea of guilty to wire fraud one month later, admitting to a violation of 18 U.S.C. § 1343.[2] Worthington acknowledged unlawfully taking money from six client accounts totaling $606,004.[3] The federal court sentenced Worthington to serve 41 months' imprisonment and ordered him to make restitution in the amount of $585,028.91.[4] Worthington represents he has made payment of $340,000 toward this obligation as of the filing of this motion.

---

[2] 18 U.S.C. § 1343 provides, "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both."

[3] Of this amount, Worthington had paid back $21,066 at the time of plea.

[4] Worthington has been ordered to surrender for service of his sentence "before 2:00 p.m. on the date designated on or after April 8, 2025." Judgment in a Criminal Case at 3, *United States v. Worthington*, No. 3:24-CR-104-CRS (W.D. Ky. Feb. 14, 2025).

On January 22, 2025, Worthington tendered a Motion to Resign under terms of Permanent Disbarment. Worthington admits his conduct constituted unethical behavior that was in violation of the Rules of Professional Conduct and desires to terminate all pending disciplinary proceedings against him by resigning. He understands he cannot be reinstated to practice and the provisions of SCR 3.510 and SCR 3.520 do not apply. He further assures this Court that upon disbarment he will never again practice law in Kentucky, will pay all costs associated with this disciplinary investigation and prosecution, and will comply with the notification provisions of SCR 3.390.

Given the egregious nature of Worthington's conduct, permanent disbarment is the appropriate sanction. We have previously ordered permanent disbarment for theft of smaller sums of client funds by an attorney serving in a fiduciary capacity. *See, e.g., In re Tabler*, ___ S.W.3d ___, 2024 WL 5174343 (Ky. Dec. 19, 2024) (theft of over $200,000 by administrator of estate); *Wheeler v. Kentucky Bar Ass'n*, 677 S.W.3d 361 (Ky. 2023) (theft of $20,000 from client's trust fund); *Kentucky Bar Ass'n v. Edwards*, 377 S.W.3d 557 (Ky. 2012) (theft of $78,000 of disabled ward's funds); *Kentucky Bar Ass'n v. Christian*, 320 S.W.3d 687 (Ky. 2010) (theft of $13,000 by executor); *Kentucky Bar Ass'n v. Cameron*, 262 S.W.3d 643 (Ky. 2008) (misappropriation of $13,490 by court-appointed conservator). Considering Worthington misappropriated nearly $600,000 from his clients, we have no doubt permanent disbarment is called for here.

## **ORDER**

For the foregoing reasons, it is hereby ORDERED that:

1. James Carol Worthington is permanently disbarred from the practice of law in the Commonwealth of Kentucky;

2. Pursuant to SCR 3.450, Worthington is directed to pay all costs associated with these disciplinary proceedings in the amount of $89.00, for which execution may issue from this Court upon finality of this Opinion and Order;

3. Pursuant to SCR 3.480(4)(a), Worthington shall take all steps necessary and practicable to cease all forms of advertisement of his practice immediately upon entry of this Opinion and Order and shall report the fact and effect of those steps to the Director of the KBA in writing within twenty days after this Opinion and Order is entered; and

4. Pursuant to SCR 3.390, if he has not already done so, Worthington shall, within twenty days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his

4

disbarment from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel.

All sitting.  All concur.

ENTERED:  March 20, 2024

CHIEF JUSTICE