**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Melbourne MILLS, Respondent.**

**No. 2010–SC–000148–KB.**

Supreme Court of Kentucky.

May 20, 2010.

As Modified Aug. 26, 2010.

1958, and his last known bar roster address is Barrister Hall, 163 E. Main Street, Ste. 103, Lexington, KY 40507. We agree with and adopt the Board's recommendation.

The original twenty-three charges against Mills stem from his actions in two cases. One of the charges comes from his failure to properly answer interrogatories in *William H. Tucker v. Adrian Park.*[1] His failure to properly respond led to the case's dismissal. The twenty-two other charges stem from his actions during *Darla Guard, et al. or Jonetta Moore, et al. v. A.H. Robins Company, et al.*[2] Most of these charges are related to a series of dishonest and fraudulent acts in the handling of a $200,450,000 aggregate settlement of the claims of 440 clients. Mills's co-counsel in this case have already been permanently disbarred. *See Cunningham v. Kentucky Bar Association,* 266 S.W.3d 808 (Ky.2008); *Gallion v. Kentucky Bar Association,* 266 S.W.3d 802 (Ky.2008).

After initial investigations by the Inquiry Commission, the twenty-three charges against Mills were presented to Trial Commissioner Marcia Ridings. She entered findings of fact and conclusions of law which found Mills guilty of seventeen of the twenty-three charges, and recommended that Mills be permanently disbarred.

## OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association has recommended to this Court that Respondent, Melbourne Mills, Jr., KBA Member No. 48720, be permanently disbarred as a result of numerous violations of our Rules of Professional Conduct. Mills was admitted to practice law in Kentucky on April, 18,

Pursuant to SCR 3.370(6), the Board of Governors decided, by a vote of fourteen to one, that the findings and conclusions of the Trial Commissioner were supported by substantial evidence and not clearly erroneous, and that the punishment of permanent disbarment was appropriate. We will now outline each of the charges

---

**1.** Fayette Circuit Court, Case No. 98–CI–3185.

**2.** Boone Circuit Court, Case No. 98–CI–795

the Board of Governors found Mills guilty of:

1. Mills violated SCR 3.130–1.3 during his representation of William Tucker by failing to comply with the Fayette Circuit Court's pretrial orders, by failing to supplement his prior responses to discovery requests, and by failing to properly manage his client's case.

2. Mills violated SCR 3.130–1.4(a) by failing to adequately communicate with the clients he represented in the *Guard* case. He never informed his clients that he certified the case as a class action, or that he subsequently had the class action decertified. He also never informed them of the true nature of the settlement that had been reached with the defendants.

3. Mills violated SCR 3.130–1.4(b) by delegating most of the responsibility of dealing with his clients in the *Guard* case to his secretary/paralegal. He also knew that the people to whom he delegated authority were not fully informing his clients of their rights under the settlement agreement.

4. Mills violated SCR 3.130–1.5(a) by taking in excess of $100,000,000 of the total settlement amount as attorney's fees for himself and his co-counsel. This amount represented a far greater percentage of the settlement amount than the actual contingency fee agreed to by the clients.

5. Mills violated SCR 3.130–1.5(c) by failing to provide his clients with a written statement explaining the outcome of the matter; to provide each of his clients with an accounting stating how the client's settlement, the attorney's fees, and reimbursement for costs were calculated; and to provide correct information as to the method of determination of the client's portion of the settlement.

6. Mills violated SCR 3.130–1.5(e) by dividing the attorney's fees amongst himself and his co-counsel by a method not in proportion to the services performed; by not giving his clients the opportunity to approve or object to the participation of all of the attorneys in the case; and by retaining an unreasonable amount of the settlement for attorney's fees.

7. Mills violated SCR 3.130–1.8(a) by acquiring an ownership interest in the settlement funds beyond his written fee agreement. This was accomplished when he and his co-counsel devised or participated in a method of distribution which made their attorney's fees greater by convincing their clients to accept less then their allotted settlement amount. The attorneys then pocketed the difference between the settlement amount the client was to receive and the amount the attorneys convinced them to receive.

8. Mills violated SCR 3.130–1.8(g) by failing to explain to his clients that the defendant made a lump sum settlement offer to the entire group of clients and that the attorneys would be responsible for determining the amount of money each client would receive from the total settlement amount.

9. Mills violated SCR 3.130–1.8(j) by acquiring a proprietary interest in the litigation created by his co-counsel's unethical and dishonest scheme which vested Mills with a financial interest directly in opposition to that of their clients. This interest existed because by convincing their clients to accept less money for their settlement, the amount which the attorneys got to keep increased.

10. Mills violated SCR 3.130–1.15(b) by failing to turn over to his clients funds to which they were entitled and by failing to provide his clients a requested accounting of the distribution of the total

settlement as well as the individual client's settlement distribution.

11. Mills violated SCR 3.130–2.1 by failing to exercise professional judgment independent of his co-counsel regarding the distribution of the settlement funds to clients. Mills was aware of and had misgivings about the propriety of the settlement distribution to his clients but took no immediate steps to stop it.

12. Mills violated SCR 3.130–5.4(a) by sharing his fees in this case with a paralegal he employed at his law firm and a non-lawyer consultant.

13. Mills violated SCR 3.130–8.3(c) [3] by deceiving his clients into accepting the individual settlement amounts devised by a fraudulent method; misrepresenting to the Boone Circuit Court that his clients had agreed to donate a substantial portion of the total settlement received to charity; failing to inform the Boone Circuit Court that he had contingent fee contracts with all of his clients which set a specific fee; providing, or assisting in providing, false or misleading information to the Boone Circuit Court about the fees and expenses, as well as the manner in which the settlement had been reached by each of his clients; and misappropriating, or participating in the misappropriation of, his clients' funds and the subsequent cover-up.

14. Mills violated SCR 3.130–5.3(a) by failing to have in effect policies and procedures to ensure that his non-lawyer employees were acting in accordance with the lawyer's ethical duties in their dealings with clients and discussions about settlement matters.

15. Mills violated SCR 3.130–5.3(b) by failing to appropriately supervise his non-lawyer employees in order to ensure

that their conduct was compatible with his ethical duties in their dealings with the clients and discussions about their cases, their settlement, and the creation of the charity.

16. Mills violated SCR 3.130–5.3(c) by being professionally responsible for any and all of the misconduct of his non-lawyer staff in this case.

17. Mills violated SCR 3.130–5.1(c) by being professionally responsible for any and all of the misconduct of his co-counsel in the *Guard* litigation that he ratified with knowledge. Two of his co-counsel, Cunningham and Gallion, were disbarred for their conduct and he is responsible for their actions since he knew of their actions, but took no steps to prevent them.

## CONCLUSION

 Upon a review of the record, we agree with the Board of Governor's findings and in light of the numerous ethical violations adopt their recommendation to permanently disbar Mills.

ACCORDINGLY, IT IS HEREBY ORDERED that:

1) Mills is found guilty of violating SCR 3.130–1.3, SCR 3.130–1.4(a), SCR 3.130–1.4(b), SCR 3.130–1.5(a), SCR 3.130–1.5(c), SCR 3.130–1.5(e), SCR 3.130–1.8(a), SCR 3.130–1.8(g), SCR 3.130–1.8(j), SCR 3.130–1.15(b), SCR 3.130–2.1, SCR 3.130–5.4(a), SCR 3.130–8.3(c), SCR 3.130–5.3(a), SCR 3.130–5.3(b), SCR 3.130–5.3(c), and SCR 3.130–5.1(c)(1);

2) For these violations Mills is hereby permanently disbarred from the Kentucky Bar Association. Mills may never apply for reinstatement to the Bar under the current rules;

---

**3.** Now SCR 3.130–8.4(c).

3) Mills, in accordance with SCR 3.390, shall notify all Courts in which he has matters pending and all clients for whom he is actively involved in litigation and similar matters, of his inability to continue representation;

4) Mills shall immediately cancel and cease any advertising activities in accordance with SCR 3.390;

5) In accordance with SCR 3.450, Mills is directed to pay all costs associated with these disciplinary proceedings in the amount of $35,773.97 for which execution may issue from this Court upon finality of this Order.

All sitting. All concur.

ENTERED: May 20, 2010.

/s/ John D. Minton, Jr.
 Chief Justice