**KENTUCKY BAR ASSOCIATION, Movant,**

v.

**Kyle David KERSEY, Respondent.**

**No. 2010-SC-000419-KB.**

Supreme Court of Kentucky.

Sept. 23, 2010.

## *OPINION AND ORDER*

The Board of Governors of the Kentucky Bar Association has recommended to this Court that Respondent, Kyle David Kersey, KBA Member No. 82097, who was admitted to practice law in Kentucky on October 30, 1987, and whose last known bar roster address is 101 West 7th Street, Corbin, KY 40701, be permanently disbarred as a result of five separate disciplinary matters which resulted in default cases under SCR 3.210. We agree with and adopt the Board's recommendation.

A summary of the five bar discipline charges against Respondent follows.

### File No. 13454

█ Brandon Mills retained Kersey to represent him in an action resulting from an automobile accident. Kersey settled with the insurer for the policy limit of $25,000 and with Mills's no-fault insurer for the unpaid PIP balance of $4,034.80. Mills signed a settlement statement in April 2004 acknowledging Kersey's receipt of the $25,000 and showing that Mills was entitled to $18,750.[1] In May 2005, Kersey deposited the PIP payment less $200 into his business account. Mills received no money from either the liability settlement or the PIP settlement, nor did he receive a disbursement statement showing where the money went.

During the course of the investigation of this complaint, Kersey wrote three letters to Bar Counsel, indicating that Mills's medical expenses exceeded the total recovery amount, that the medical care providers would be paid pro rata from these funds, and that he was still holding both deposits in his escrow account. However, no evidence was produced or discovered to show that any medical bills were paid from the settlement funds.

Kersey was charged by the Inquiry Commission with violating SCR 3.130–1.15(a) (failure to hold property of clients or third persons that is in the lawyer's possession in connection with a representation separate from a lawyer's own property); SCR 3.130–1.15(b) (failure to promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person

not promptly rendering a full accounting regarding such property); SCR 3.130–8.1(a) (knowingly making a false statement of material fact); and SCR 3.130–8.3(c) [2] (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.) After several attempts to personally serve Kersey, he was constructively served with the charge through the Executive Director per SCR 3.175. No answer to the charge was filed.[3] The Board of Governors voted nineteen to zero, with one abstention, to recommend that Kersey be found guilty of all of the charges alleged in File No. 13454.

### File No. 15697

█ Apren H. Poore retained Kersey to represent him in a claim resulting from an automobile accident that occurred in March 2006. Kersey obtained $25,000 from the liability insurance policy and $10,000 in PIP funds on behalf of Poore. Kersey advised Poore that there would be liens against any recovery in his case due to outstanding medical bills. The record reflects that before final settlement of these liens could be reached, Kersey gave Poore $5,250. However, Kersey asserts he advanced $3,050 to Poore and $4,500 to Poore's mother.

Kersey provided records showing he deposited the liability and PIP funds into his escrow account in May 2006. The Inquiry Commission subpoenaed Kersey's escrow bank records for October 2007 through June 2008. These records show that in the month of October 2007, his account was overdrawn by $107.40 and the liability and PIP funds were gone. No evidence was produced to show that any of Poore's

---

**1.** Attorney's fees amounted to $6,025.

**2.** Now SCR 3.130–8.4(c)

**3.** On May 3, 2010, Respondent filed a Motion with the Inquiry Commission for leave to File a Late Answer in this case. The Board denied the motion.

medical bills were paid from the escrow account. Poore continues to receive bills regarding these unpaid medical expenses.

Respondent was charged by the Inquiry Commission with violating SCR 3.130–1.15(a) (failure to hold property of clients or third persons that is in the lawyer's possession in connection with a representation separate from a lawyer's own property); SCR 3.130–1.15(b) (failure to promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person not promptly rendering a full accounting regarding such property); SCR 3.130–8.1(a) (knowingly making a false statement of material fact); and SCR 3.130–8.3(c)[4] (engaged in conduct involving dishonesty, fraud, deceit or misrepresentation.) After several attempts to serve Kersey, he was constructively served with the charge through the Executive Director per SCR 3.175. No answer to the charge was filed. The Board of Governors voted twenty to zero to recommend that Kersey be adjudged guilty of all of the charges alleged in File No. 15697.

### File No. 15912

Shawna Ellis retained Kersey to represent her in a claim resulting from the same automobile accident which Poore was involved in that occurred in March 2006. Kersey obtained $25,000 from the liability insurance policy and $10,000 in PIP funds on behalf of Ellis. Kersey advised Ellis that there would be medical liens against any recovery in her case. Before final settlement of these liens could be reached, Kersey gave Ellis $4,250 from the insurance proceeds. Kersey deposited the remainder of the proceeds in his escrow account.

The Inquiry Commission subpoenaed Kersey's escrow bank records for October 2007 through June 2008. These records show that in the month of October 2007, his account was overdrawn by $107.40, and Ellis's money was gone. Despite Ellis's requests, Kersey has failed to provide her with an accounting or itemization of the disbursements made on her behalf from the insurance proceeds, nor has any evidence been produced that any of the medical providers have been paid from the funds on deposit.

Respondent was charged by the Inquiry Commission with violating SCR 3.130–1.15(a) (failure of a lawyer to hold property of clients or third persons in his or her possession separate from the lawyer's own property); SCR 3.130–1.15(b) (failure to promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person not promptly rendering a full accounting regarding such property); and SCR 3.130–8.3(c)[5] (engaged in conduct involving dishonesty, fraud, deceit or misrepresentation.) After several attempts to serve Kersey, he was constructively served with the charge through the Executive Director per SCR 3.175. No answer to the charge was filed. The Board of Governors voted twenty to zero to recommend that Kersey be adjudged guilty of all of the charges alleged in File No. 15912.

### File No. 16678

Wanda Godby retained Kersey for representation on federal criminal charges. Godby pledged her pickup truck worth $10,000 to Kersey as collateral for her legal fee of $5,000. Kersey and Godby had an oral agreement in which Godby would

4. Now SCR 3.130–8.4(c)

5. Now SCR 3.130–8.4(c)

have the option to pay the lawyer's fee when her case was completed and could then recover her truck. In February 2009, Kersey told Godby that she would need to transfer the title of the truck to him for insurance purposes since it was being housed on his property. Godby signed the title over to Kersey. Shortly thereafter, Kersey filed a motion to withdraw as counsel in the criminal matter. Kersey sold the truck but did not notify Godby.

In February 2009, the federal court held a telephonic conference in the criminal matter. Kersey did not participate and Godby indicated that she just learned that day about the motion to withdraw. She stated that she had made many unsuccessful attempts to speak with Kersey.

In March 2009, both Godby and Kersey were present at a hearing in federal court. Godby there learned that Kersey sold her truck. Kersey admitted that his agreement with Godby would have allowed her to pay her legal fees and recover her truck. Kersey informed the court that he sold the truck for $2,200. Godby stated that she had been offered $10,000 for the truck. The court granted Kersey's motion to withdraw and appointed a federal public defender to represent Godby.

Respondent was charged by the Inquiry Commission with violating SCR 3.130–1.4(a) (failing to keep client reasonably informed); SCR 1.8(a) (improper business transaction with a client); SCR 3.130–1.15(c) (failure to keep separate property in which both the client and lawyer have a claim of interest); SCR 1.16(d) (failing to protect the client's interests upon termination of the representation and failure to return an unearned fee); SCR 3.130–8.1(b) (failure to respond); and SCR 3.130–8.3(c)[6] (engaged in conduct involving dis-

honesty, fraud, deceit or misrepresentation).

After several attempts to serve Kersey, he was constructively served with the charge through the Executive Director per SCR 3.175. No answer to the charge was filed. The Board of Governors voted twenty to zero to recommend that Kersey be adjudged guilty of all of the charges alleged in File No. 16678.

### File No. 17857

 The Office of Bar Counsel began receiving overdraft notices from Cumberland Valley National Bank, Kersey's bank, on December 30, 2008 regarding Kersey's escrow account. Kersey was sent letters in January and again in April 2009 requesting copies of bank documents to show he corrected the overdrafts and asking for a written explanation of why the overdrafts occurred. A reminder letter was sent to him in June 2009. He did not respond to any of these letters.

Bar Counsel received additional overdraft notifications and filed a Inquiry Commission complaint on September 15, 2009. The complaint reflected that fourteen checks drawn on Kersey's account were returned for insufficient funds. Subsequent to the filing of the Inquiry Commission complaint, five additional overdraft notifications for Kersey's escrow account were received. A total of nineteen checks were returned for insufficient funds between December 2008 and October 2009, totaling $10,467.66.

Respondent was charged by the Inquiry Commission with violating SCR 3.130–1.15(a) (failure to hold property of clients or third persons that is in the lawyer's possession in connection with a representation separate from a lawyer's own property); and SCR 3.130–8.1(b) (failure to re-

---

**6.** Now SCR 3.130–8.4(c)

spond). After several attempts to serve Kersey, he was constructively served with the charge through the Executive Director per SCR 3.175. No answer to the charge was filed. The Board of Governors voted twenty to zero to recommend that Kersey be adjudged guilty of all of the charges alleged in File No. 17857.

## CONCLUSION

Based upon the seriousness of the charges against him, the Board of Governors, voted twenty to zero to recommend that Kersey be permanently disbarred. Respondent has not filed a notice with this Court to review the Board's decision, and we do not elect to review the decision of the Board under SCR 3.370(8). The decision of the Board is hereby adopted under SCR 3.370(10).

Thus it is ORDERED that:

1) Respondent, Kyle David Kersey, KBA Member No. 82097, 101 West 7th Street, Corbin, KY 40701 is permanently disbarred;

2) In accordance with SCR 3.450, Respondent must pay all costs associated with these disciplinary proceedings against him, the sum being $1,824.82, for which execution may issue from this Court upon finality of this Opinion and Order;

3) Respondent must make restitution to all clients who have filed bar complaints against him for misappropriation of funds;

4) Under SCR 3.390, Respondent must, within ten (10) days from entry of this Opinion and Order, (a) to the extent possible, cancel and cease any advertising activities in which he is engaged; and (b) notify all clients, in writing, of his inability to represent them; notify all courts in which he has matter pending of his disbarment from the practice of law; and furnish cop-

ies of said letters of notice to the Director of the Kentucky Bar Association.

All sitting. All concur.

ENTERED: September 23, 2010.

/s/ John D. Minton, Jr.
   Chief Justice