Supreme Court of Kentucky
2015-SC-000063-KB

TO BE PUBLISHED

DATE 6-23-15 ...P.C.

KENTUCKY BAR ASSOCIATION                                    MOVANT

V.                          IN SUPREME COURT

JAMES DOUGLAS OSBORNE                                    RESPONDENT

## OPINION AND ORDER

The Board of Governors ("Board") for the Kentucky Bar Association

("KBA") recommends that James Douglas Osborne be permanently disbarred

from the practice of law and ordered to pay all relevant costs. We agree with

and adopt the Board's recommendation. Osborne, whose KBA member

number is 90361 and whose bar roster address is P.O. Box 1027, Portsmouth,

OH 45662, was admitted to the practice of law in the Commonwealth of

Kentucky in October 2004.

### Case No. 21899

Osborne was retained by Mr. Arlie Tharpe to represent him in a contract

dispute in October, 2009. Mr. Tharpe paid Osborne a $2,000.00 retainer.

Approximately two years later, Mr. Tharpe learned that the case filed on his

behalf by prior counsel had been dismissed for failure to prosecute in early

2010. Mr. Tharpe notified Osborne of the 2010 dismissal, and Osborne re-filed

the case in June of 2012.

In November, 2012 the defendant in the case filed a motion to dismiss for failure to receive discovery. The Court entered orders setting the discovery deadlines of November 21, 2012 and January 9, 2013. The deadlines passed and discovery was never completed. On January 7, 2013, a mediator hired by the parties contacted counsel and notified them that mediation had been scheduled for February 27, 2013. Osborne informed Mr. Tharpe the following week that the parties were attempting to schedule mediation, and mentioned the February 27th date as a possible date for the session. On January 23, 2013, Osborne's law license was suspended for nonpayment of bar dues. Neither Osborne nor Mr. Tharpe appeared at the scheduled mediation. Mr. Tharpe eventually settled the case with defense counsel without the representation of Osborne.

Mr. Tharpe filed a bar complaint against Osborne in May, 2013. The Office of Bar Counsel ("OBC") sent a copy of the complaint to Osborne via certified mail. The certified mail, however, was never received by Osborne. On June 13, 2013, Osborne contacted the OBC explaining that the certified mail had been returned before he had a chance to retrieve it from his PO Box. He requested an opportunity to respond. After receiving an extension for his response, Osborne asserted that he had diligently represented Mr. Tharpe, that he was unaware of any outstanding discovery, and that he had never received notification from the mediator of the scheduled mediation. He further explained that he had informed Mr. Tharpe of the suspension of his bar license.

2

The charge against Osborne alleged the following counts of misconduct: Count I - SCR 3.130-1.3 (failure to act with reasonable diligence and promptness while representing a client); Count II - SCR 3.130-1.4(a)(3) (failure to promptly comply with reasonable request for information); Count III - SCR 3.130-5.5(b) (holding one's self out as authorized to practice law in a jurisdiction when the lawyer is not admitted to practice); Count IV - SCR 3.130-8.4(c) (engaging in fraud or dishonest conduct); and Count V - SCR 3.130-3.4(c) (knowingly disobeying an obligation of the rules of a tribunal). Attempts to serve Osborne with a copy of the charge via certified mail were unsuccessful, with service subsequently accomplished by serving the Executive Director of the KBA. The executive director attempted service on three different addresses listed for Osborne, but all certified mail documents were returned unclaimed.

### Case No. 22285

Osborne was retained by Mr. Victor Fitch in December, 2012 to handle the affairs of Mr. Fitch's late mother's estate. On January 23, 2013, Osborne's law license was suspended for the nonpayment of bar dues. On February 19, 2013, Osborne received $65,000.00 from the sale of the home of Mr. Fitch's late mother. The money was deposited into Fitch's trust account. Over the course of five months, a number of checks were written from Osborne's trust account to various payees. In July, 2013 the Fitch estate fiduciary requested that the $65,000.00 from the sale of the home be placed in escrow to be distributed by the fiduciary. Osborne wrote two checks from his trust account,

3

each in the amount of $32,500.00, and placed those funds in the escrow account for the sale of the Fitch home. One check cleared, while the other was returned for insufficient funds.

A Greenup County grand jury indicted Osborne on the charge of theft for failure to make a required disposition of property in an amount in excess of $10,000.00, a Class C felony. Osborne pled guilty to a lesser charge and is currently serving a five-year diversion sentence for theft by failure to make a required disposition of property. Mr. Fitch filed a bar complaint against Osborne on October 4, 2013.

Attempts to serve Osborne with a copy of the complaint were unsuccessful. The complaint was then served on the KBA Executive Director. The charge against Osborne alleged the following counts of misconduct: Count I - SCR 3.130-5.5(b) (holding one's self out as authorized to practice law in a jurisdiction when the lawyer is not admitted to practice); Count II - SCR 3.130-8.4(b) (engaging in conduct that reflects adversely on the profession); Count III - SCR 3.130-1.15(a) (failure to safeguard client property); Count IV - SCR 3.130-8.4(c) (engaging in fraud or dishonest conduct); Count V - SCR 3.130-3.4(c) (knowingly disobeying an obligation of the rules of a tribunal); and Count VI - SCR 3.130-8.1(b) (knowingly failing to respond to a lawful demand for information from a disciplinary authority).

**The Board of Governors' Recommendation**

Osborne's charges were submitted to the Board of Governors as default cases pursuant to SCR 3.210. Following a discussion of the cases, seventeen

members of the Board voted on Osborne's charges. As to Mr. Tharpe's case, the majority of the members of the Board found Osborne guilty of Counts I and II and not guilty of Counts III, IV, and V. As to the Fitch estate case, the Board unanimously found Osborne guilty of all six counts of misconduct alleged against him. Considering the relevant authorities and Osborne's prior disciplinary history, the Board unanimously recommended that Osborne be permanently disbarred from the practice of law and required to pay costs. We agree.

It is unfortunate that this Court has been required on numerous occasions to impose permanent disbarment, the most severe of sanctions, on attorneys who grossly mismanage their clients' funds and otherwise egregiously abuse their clients' trust. In *Kentucky Bar Association v. Mayer*, 392 S.W.3d 922 (Ky. 2013), this Court permanently disbarred an attorney who received a larger-than-agreed-upon fee from a client, treated his clients' funds as his own, and failed to respond to inquiries from his clients as to the status of proceeds. In other cases, this Court has imposed disbarment as a sanction where attorneys repeatedly mishandle cases and client funds and are utterly derelict in their representative duties. *See Kentucky Bar Association v. Kersey*, 320 S.W.3d 682 (Ky. 2010); *Kentucky Bar Association v. Mills*, 318 S.W.3d 89 (Ky. 2010); *Kentucky Bar Association v. Mathews*, 308 S.W.3d 194 (Ky. 2010).

Having reviewed the record, we agree that the Board reached the appropriate conclusions as to Osborne's guilt. While Osborne responded to the OBC's complaint concerning the allegations of misconduct stemming from his

5

mishandling of Mr. Tharpe's case, Osborne failed to respond in any manner to the allegations related to his misappropriation of the money from sale of Mr. Fitch's mother's home. In addition to treating the estate's funds as his own, Osborne overdrew his trust account when the estate came calling, all the while practicing law under a suspended license. The subsequent criminal charge and guilty plea not only further illuminates the severity of Osborne's conduct, it also undoubtedly reflects adversely on the legal profession. Osborne has not filed a notice with this Court to review the Board's decision, and we do not elect to review the decision of the Board under SCR 3.370(8). The decision of the Board is hereby adopted under SCR 3.370(10). For the foregoing reasons, it is hereby ORDERED:

1. James Douglas Osborne, Kentucky Bar Association member number 90361, is permanently disbarred from the practice of law in the Commonwealth of Kentucky;

2. Pursuant to SCR 3.450, Osborne is ordered to pay all costs associated with this disciplinary proceeding, in the amount of $2,016.98, for which execution may issue from this Court upon finality of this Opinion and Order;

3. Pursuant to SCR 3.390, Osborne shall, within ten days from the entry of this Order, (a) to the extent reasonably possible, cancel and cease any advertising activities in which he is engaged; (b) notify all courts in which he has matters pending of his disbarment; (c) notify all clients, in writing, of his inability to continue to represent them and of the necessity of retaining new

6

counsel; and (d) provide a copy of such letters to the Office of Bar Counsel of the Kentucky Bar Association.

All sitting. All concur.

ENTERED: June 11, 2015.

CHIEF JUSTICE